**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>JAIME R. NIETO DEL TORO,<br><br>Debtor. | Bankruptcy No.: 21-03574 (ESL)<br><br>Chapter 7 |
| **NOREEN WISCOVITCH-RENTAS, CHAPTER 7 TRUSTEE,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JAIME R. NIETO DEL TORO; JOSE A. NEGRON SEIJO; LINA I. VAELLO ATANACIO,**<br><br>**Defendants.** | **Adv. Proc. No. (*Refer to Summons*)**<br><br>RE: **Declaratory Judgment, Turnover of Property, and Non Dischargeability of Debts pursuant to 11 U.S.C. §§ 105, 541, 542, 727(a)(4)(A), 727(c)(1); FRBP 7001(1), 7001(6), 7001(9).** |

**COMPLAINT**

**TO THE HONORABLE COURT**:

**COMES NOW**, through the undersigned counsel, the duly appointed and acting Chapter 7 Trustee of the Bankruptcy Estate of Jaime R. Nieto Del Toro (the "Debtor"), Noreen Wiscovitch-Rentas (the "Trustee" or "Plaintiff"), who respectfully states and prays as follows:

**I.  JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

2. This adversary proceeding is brought pursuant to FRBP 7001(1), 7001(6), 7001(9), and §§ 105, 541, 542, 727(a)(4)(A) and 727(c)(1) of Title 11, United States Code.

3. This venue is appropriate in this court under 28 U.S.C. §§ 1409(a).

4. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(E).

5. The amounts claimed as part of the following causes of action may overlap. They can be considered individually, or they can be taken as a whole for the total amount listed in the final cause of action.

6. The Trustee is filing the instant complaint in order to preserve the Bankruptcy Estate's rights under the listed cause of action and reserves the right to dismiss the same after further investigation and/or discovery.

## II. THE PARTIES

7. Plaintiff, Noreen Wiscovitch-Rentas, is the duly appointed and acting Chapter 7 Trustee of the Bankruptcy Estate of the Debtor, and has legal standing, capacity, and authority to prosecute the claims alleged herein

8. Defendant, Jaime R. Nieto Del Toro (the "Defendant" or "Mr. Nieto") is the Debtor in the Bankruptcy Case No. 21-03574 (ESL). Defendant's last known addresses are PO Box 853 Añasco, P.R. 00610; PO Box 1881 Añasco, P.R. 00610; 36 Street Manuel Hernandez Rosa, Añasco, P.R. 00610; and 1504 Street Antonsanti, San Juan, P.R. 00912.

9. Co Defendants, Jose A. Negron Seijo and Lina I. Vaello Atanacio married to each other, and their conjugal partnership (the "Co-Defendants"), who are represented by counsel Nelson R. Bassatt Torres with address PO Box 379 Añasco, P.R. 00610.

## III. BACKGROUND

10. On December 1, 2021 (the "Petition Date"), the Debtor filed a voluntary petition under the provisions of Chapter 7 of the Bankruptcy Code. [Bankruptcy Case No. 21-03574; Dkt. No. 1]

11. On December 2, 2022, the appearing Chapter 7 Trustee was appointed as such by this Honorable Court. [Bankruptcy Case No. 21-03574; Dkt. No. 5]

12. Through an investigation conducted by the Trustee, the Trustee is aware of a resolution issued by the Court of First Instance of Añasco on May 6, 2019 (the "Resolution"), in which it declared Mr. Jaime R. Nieto Del Toro, which is the Debtor, Mr. Roberto Nieto Del Toro and Mr. Jose N. Nieto Del Toro the sole and universal heirs of their late father Mr. Roberto Nieto Villabrille, and states that the assets left by Mr. Roberto Nieto Villabrille lie in the jurisdiction of Añasco (the "Inheritance"). See **Exhibit A**.

13. Upon information and belief, Debtor's interest in the Inheritance, as of the Petition Date, is approximately of $68,231.74 (the "Hereditary Interest").

14. However, the Debtor omitted and failed to disclose his Hereditary Interest in the approximate amount of $68,231.74 in his Schedule A/B (Official Form 106A/B), in which in Part 4, line 32 it is requested to list any interest in property that is due to him from someone who has died. See Bankruptcy Case No. 21-03574; Dkt. No. 1, Schedule A/B, Part 4, line 32. Debtor's Hereditary Interest is not marked as an exempt asset in Schedule C. See Bankruptcy Case No. 21-03574; Dkt. No. 1, Schedule C.

15. Moreover, the Debtor in his Schedule I (Official Form 106l) included as his monthly income an "inheritance payment" in the amount of $703.42, which is the payment he receives for his interest in the non-exempt Inheritance. See Bankruptcy Case No. 21-03574; Dkt. No. 1, Schedule I, Part 2, line 8h.

16. At the first 341 meeting of creditors held on January 20, 2022, among other things, the Debtor informed the Trustee that his late father, Mr. Roberto Nieto Villabrille, constituted a mortgage for the Co-Defendants, in which they are obligated to pay the amount of $2,310.27 per month to the hereditary estate of which $200.00 is to cover the cost of property contributions and payment of the insurance policy and the rest is divided into three equal payments addressed to each

3

heir pursuant to the agreement executed on February 12, 2020 between the hereditary estate and the Co-Defendants.[1] See **Exhibit B** (Deed of Sale), **Exhibit C** (Deed of Constitution of Mortgage), and **Exhibit D** (Agreement between the hereditary estate and the Co-Defendants).

17. Consequently, the net proceeds from the mortgage payment inherited are part of the Debtor's Late Father Inheritance, the Debtor is entitled to receive each month its one third (1/3) portion of the Hereditary Interest as a mortgage payment in the amount of $703.42 from the Co-Defendants. This monthly payment is part of Debtor's Hereditary Interest (the "Inheritance Payment").

18. Upon information and belief, the Debtor received the Inheritance Payment since the Petition Date (December 2021) until March 2022.

19. On August 2, 2022, the Trustee sent, by first class mail, a demand letter to the Debtor to the last known addresses stated above[2], requesting the turnover of the Inheritance Payments he received from the Petition Date to the present. See **Exhibit E** (Defendant's Demand Letter). On that same date, the Trustee also sent a demand letter to the Co-Defendants requesting the turnover of any accrued Inheritance Payment since the Petition Date and to forward to the Trustee any withheld and prospective payments intended to be delivered to the Debtor. See **Exhibit F** (Co-Defendant's Demand Letter).

20. The Trustee deems that the Debtor's Hereditary Interest and consequently the Inheritance Payment are property of the Bankruptcy Estate as a non- exempt asset subject to distribution and hereby seeks from this Honorable Court to declare the Estate's rights over the

---

[1] The Debtor appeared at the second 342 meeting of creditors held on January 27, 2022, which was continued to February 17, 2022. However, the Debtor did not appear to the 341 meeting that was scheduled for February 17, 2022, and his counsel stated for the record that she had no communication with the Debtor since the previous meeting. To date, the Debtor has not appeared, and his counsel of record resigned from the legal representation. See Bankruptcy Case No. 21-03574; Dkt. Nos. 45 & 46.

[2] The demand letters sent to the Defendant at PO Box 1881 Añasco, P.R. 00610 and 1504 Street Antonsanti, San Juan, P.R. 00912 were returned as they were unable to forward. See **Exhibit G**.

same and to order and direct the turnover of the funds received since the Petition Date to the Trustee for the benefit of the Bankruptcy Estate. Moreover, the Trustees seeks a non-dischargeability order of Debtor's debts due to false oaths in its bankruptcy schedules.

## IV. CAUSES OF ACTION

*First Cause of Action – Declaratory Judgment 11 U.S.C. § 541; FRBP 7001(9)*

21. Plaintiff re-alleges and incorporates by reference the allegations in all prior paragraphs of this Complaint as if set forth herein at length.

22. An estate is created upon the filing of a bankruptcy petition, consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." See 11 U.S.C. § 541(a)(1). Hence, when the captioned voluntary petition was filed, the Bankruptcy Estate was created and consisted of all legal or equitable interests of the Debtor in property as of the Petition Date.

23. The Trustee is aware of Debtor's Hereditary Interest and that the Debtor is entitled to receive the Inheritance Payment which both are considered to be non-exempt property of the Debtor and therefore property of the Bankruptcy Estate pursuant to section 541 of the Bankruptcy Code. Hence, the Bankruptcy Estate has an interest in Debtor's Hereditary Interest and consequently in the Inheritance Payment.

24. Therefore, the Trustee respectfully requests from this Honorable Court to enter judgment declaring that Debtor's Hereditary Interest and the Inheritance Payment received by Debtor and owed by the Co-Defendants is due and payable to the Bankruptcy Estate as property of Debtor's Bankruptcy Estate pursuant to section 541 of the Bankruptcy Code and that Debtor's Hereditary Interest and the Inheritance Payment are demandable by the Trustee.

*Second Cause of Action – Turnover of Property Pursuant to 11 U.S.C. § 542; FRBP 7001(1)*

5

25. Plaintiff re-alleges and incorporates by reference the allegations in all prior paragraphs of this Complaint as if set forth herein at length.

26. Section 542(a) of the Bankruptcy Code provides:

> "(a) …[A]n entity,[3] other than a custodian,[4] in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, **shall deliver to the trustee**, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." *See* 11 U.S.C. § 542(a) (our emphasis added).

27. Pursuant to 11 U.S.C. §542(b), an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the Trustee.

28. Although section 542 does not define the property subject to turnover, "the term is generally understood to mean "property of the estate", as defined in section 541". Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶542.03 [2] (16th ed. 2015).

29. In broad terms, "property of the estate" includes all of the legal or equitable interests of the debtor, or the proceeds, rents, or profits from such property, "wherever located and by whomever held" at the commencement of the case. See 11 U.S.C. § 541(a).

30. Under the broad definition of property in section 541(a), a debtor's interest in the proceeds that stem from an inheritance from his father is considered as property of the Bankruptcy Estate.

---

[3] The term "entity" includes "person, estate, trust, governmental unit, and United States trustee." *See* 11 U.S.C. §101(15).

[4] The term "custodian" means (A) receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title; (B) assignee under a general assignment for the benefit of the debtor's creditors; or (C) trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors. *See* 11 U.S.C. §101(12).

31. In the present case, the Debtor listed in his Schedule I as his monthly income an "inheritance payment" in the amount of $703.42, which seems to be the payment he receives for Debtor's Hereditary Interest, which is not exempt. See Bankruptcy Case No. 21-03574; Dkt. No. 1, Schedule I, Part 2, line 8h and Schedule C.

32. Upon information and belief, the Debtor received the Inheritance Payment from the Petition Date (December 2021) until March 2022; from April 2022 onwards, the Co-Defendants have withheld Debtor's Inheritance Payment.

33. The Debtor and the Bankruptcy Estate have an interest in (i) Debtor's Hereditary Interest in the approximate amount of $68,231.74; (ii) the Inheritance Payments the Debtor received from the Petition Date; (iii) the Inheritance Payments the Co-Defendants owed to the Debtor since April 2022 to the present; and (iv) the subsequent Inheritance Payments that the Co-Defendants are obliged to make to the Debtor in the amount of $703.42.

34. Both Debtor's Hereditary Interest and consequently the Inheritance Payments are property of the Bankruptcy Estate pursuant to the broad definition of section 541(a) of the Bankruptcy Code and under section 542 the Trustee is entitled and has the power to request the turnover of such property since it is not exempt.

35. Therefore, the Debtor is required to turnover to the Trustee the amount of $2,813.68 for the Inheritance Payments he received from the Petition Date until March 2022.

36. The Co-Defendants are required to turnover to the Trustee the amount of $3,517.10 for the Inheritance Payments owed to Debtor from April 2022 to the present and are further required to direct to the Trustee any subsequent Inheritance Payment owed to the Debtor in the amount of $703.42.

37. Therefore, the Trustee may recover the value of such property for the administration of the Bankruptcy Estate and to distribute the same among the unsecured creditors. As such, the Trustee respectfully requests from this Honorable Court to order the Defendant and the Co-Defendants to turnover to the Trustee the above stated amounts.

***Third Cause of Action – Non-dischargeability of Debts Pursuant to 11 U.S.C. §§ 727(a)(4)(A) and 727(c)(1)***

38. Plaintiff re-alleges and incorporates by reference the allegations in all prior paragraphs of this Complaint as if set forth herein at length.

39. A finding of fraud in obtaining a discharge requires evidence of some conduct that under Section 727(a) would have been sufficient grounds to deny the Debtor's discharge, such as the debtor knowingly and fraudulently making a false oath in connection with his bankruptcy case. See 11 U.S.C. § 727(a)(4)(A).

40. Section 727(a)(4) of the Bankruptcy Code states that a court will not discharge a debt if "the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account." The elements that must be proved to avoid discharge under this provision are (1) the debtor knowingly and fraudulently made a false oath, and (2) the false oath related to a material fact in connection to the bankruptcy case. *See* Boroff v. Tully (In re Tully), 818 F.2d 106, 110 (1st Cir. 1987).

41. "A debtor's Schedules and Statement of Financial Affairs are the equivalent of a verification under oath," and, therefore, misrepresentations and omissions in a debtor's schedules and statement of financial affairs qualify as false oaths for purposes of Section 727(a)(4)(A). *See* Perry v. Warner (In re Warner), 247 B.R. 24, 26 (B.A.P. 1st Cir. 2000). A false oath is knowingly and fraudulently made if the debtor "knows the truth and nonetheless willfully and intentionally swears to what is false." *See* Lussier v. Sullivan (In re Sullivan), 455 B.R. 829, 837 (B.A.P. 1st

8

Cir. 2011) (internal quotations and citation omitted). "Deliberate omissions by the debtor" in his schedules or statements satisfy the requirement for a "knowing" misrepresentation. *See* Harrington v. Donahue (In re Donahue), A.P. No. 10-01071- JBH, 2011 Bankr. LEXIS 4951, at *37 (B.A.P. 1st Cir. Dec. 20, 2011).

42. In addition, a debtor's "reckless indifference to the truth is treated as the functional equivalent of fraud" for purposes of Section 727(a)(4)(A). *See* Smith v. Grondin (In re Grondin), 232 B.R. 274, 277-78 (B.A.P. 1st Cir. 1999) (internal quotations and citations omitted). Thus, "reckless disregard of both the serious nature of the information sought [in the Debtor's Schedules and Statement of Financial Affairs] and the necessary attention to detail and accuracy in answering may rise to the level of the fraudulent intent necessary to bar a discharge." *See* Vasiliades v. Dwyer, No. 05-10479-FDS, 2006 U.S. Dist. LEXIS 35317, 2006 WL 1494081, at *4 n.15 (D. Mass. May 23, 2006).

43. Finally, as to the last element for denial of a discharge under Section 727(a)(4)(A), a false statement is material if it "bears a relationship to the [debtor's] business transactions or estate, or **concerns the discovery of assets**, business dealings, or the existence and disposition of the debtor's property." *See* In re Tully, 818 F.2d at 110 (internal quotations and citations omitted) (our emphasis). Courts have acknowledged that the threshold for materiality under Section 727(a)(4)(A) is low. *See* In re Sullivan, 455 B.R. at 839. *see also* In re Green, 2014 WL 3953470.

44. In the present case, the Trustee is aware that pursuant to the Resolution issued by the Court of First Instance of Añasco on May 6, 2019, the Debtor is one of the sole and universal heirs of his father's Inheritance.

45. The Trustee is also aware that as of the Petition Date, the Debtor's Hereditary Interest was in the approximate amount of $68,231.74.

46. However, the Debtor omitted and failed to disclose the Debtor's Hereditary Interest in the approximate amount of $68,231.74 in his Schedule A/B in Part 4, line 32 where it was requested to list any interest in property that is due to him from someone who died. See Bankruptcy Case No. 21-03574; Dkt. No. 1, Schedule A/B, Part 4, line 32.

47. The Debtor knowingly and fraudulently made a false oath in its schedules by omitting to disclose Debtor's Hereditary Interest and the Inheritance Payment, which is a material fact in connection to his bankruptcy, as they are considered property of Debtor's Bankruptcy Estate.

48. Debtor's omission in his schedules of Debtor's Hereditary Interest and the Inheritance Payment qualify as a false oath for purposes of Section 727(a)(4)(A), which constitute declarations under penalty of perjury as stated in Perry supra. Moreover, Debtor's false statement is material as it bears a relation with Debtor's assets.

49. Therefore, given the above stated, Debtor's actions fall squarely within the causes of action contained in section 727, including section 727(a)(4)(A).

50. Debtor's false oaths should not be ignored and rewarded by receiving a discharge order because the false oaths were knowingly and material. Therefore, this Honorable Court should grant the non-dischargeability of Debtor's debts.

**WHEREFORE**, Plaintiff respectfully requests from this Honorable Court to: (i) enter judgment declaring that Debtor's Hereditary Interest and the Inheritance Payment is property of the Bankruptcy Estate; (ii) to enter judgment demanding the Defendant to turnover to the Bankruptcy Estate the Inheritance Payments received from the Petition Date in the amount of $2,813.68; (iii) to enter judgment demanding the Co-Defendants to turnover to the Bankruptcy Estate the Inheritance Payments accrued since the Petition Date in the amount of $3,517.10; (iv)

to enter judgment demanding the Co-Defendants to forward to the Bankruptcy Estate any subsequent Inheritance Payment in the amount of $703.42, and (v) to enter an order denyng Debtor's Discharge; with any other remedy the Court deems just and proper.

## RESERVATION OF RIGHTS

Plaintiff reserves the right: (i) to bring all other claims or causes of action that she may have against the Defendant, on any and all grounds, as allowed under the Bankruptcy Code, or applicable law, or in equity; and (ii) to amend this Complaint as new information becomes known to Plaintiff at any time during the adversary proceeding, through formal discovery or otherwise, to, inter alia, (a) include such information and/or assertions with respect to the payment to Defendant, (b) revise Defendant's name, and/or (c) add additional defendants and/or additional causes of action, with all such amendments relating back to the date of the filing of this Complaint.

**RESPECTFULLY SUBMITTED,**

San Juan, Puerto Rico, this 22nd of August 2022.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS SAME DATE, I ELECTRONICALLY FILED THE FOREGOING WITH THE CLERK OF THE COURT USING THE CM/ECF SYSTEM WHICH WILL SEND NOTIFICATION OF SUCH FILING TO ALL REGISTERED CM/ECF PARTICIPANTS.

*/s/ Javier Vilariño*
**JAVIER VILARIÑO**
USDC No. 223503
E-mail: jvilarino@vilarinolaw.com

*/s/ Carol J. Tirado López*
**CAROL J. TIRADO LOPEZ**
USDC No. 307405
E-mail: ctirado@vilarinolaw.com

**VILARIÑO & ASSOCIATES, LLC**
P.O. BOX 9022515
SAN JUAN, PR 00902-2515
Tel. (787) 565-9894