**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA DE AÑASCO**

**EXHIBIT A**

| | |
|---|---|
| **ROBERTO NIETO DEL TORO**<br>Peticionario<br><br>Causante:<br>Roberto Nieto Villabrille t/c/p<br>Roberto Nieto<br><br>**EXPARTE** | CIVIL NÚM.: AÑ2019CV00114<br><br>SOBRE:<br>    DECLARATORIA DE<br>    HEREDEROS |

**RESOLUCION**

Examinada la Petición juramentada radicada por el peticionario, y la prueba documental en apoyo de las alegaciones, el Tribunal concluye:

Que el peticionario es parte con interés en la herencia del causante Roberto Nieto Villabrille t/c/p Roberto Nieto, sujetos a división.

El causante falleció en Miami, Florida EUA el 15 de abril de 2018, siendo natural de Añasco, P.R.

Que los bienes dejados por el causante radican en la jurisdicción de Añasco, P.R.

Que el causante a la hora de su muerte se había casado en segundas nupcias con Brigida Guardiola el 6 de noviembre de 1998 bajo el Régimen de Separación de Bienes, y no procrearon hijos. Que en su primer matrimonio con Ivonne Damara Del Toro procreó tres hijos de nombres: Roberto Nieto Del Toro, Jaime Ramón Nieto Del Toro y José Nelson Nieto Del Toro.

El causante a su fallecimiento no había otorgado testamento alguno habiendo el peticionario y sus familiares realizado una búsqueda minuciosa en los documentos dejados por el causante, sin que apareciera tal disposición testamentaria. La Oficina del Inspector de Protocolos del Tribunal Supremo de Puerto Rico certificó que el causante no había otorgado testamento alguno.

POR TANTO, este Tribunal declara como únicos y universales herederos de Don Roberto Nieto Villabrille t/c/p Roberto Nieto:

**A SUS HIJOS:**

➢ Roberto Nieto Del Toro

➢ Jaime Ramón Nieto Del Toro

➢ José Nelson Nieto Del Toro

<u>**A SU VIUDA**</u>:

➢ Brígida Guardiola, en la cuota viudal usufructuaria que establece la ley, sin perjuicio de terceros.

**NOTIFÍQUESE.**

DADA en Añasco, Puerto Rico a 6 de mayo de 2019.

**F/ LUCY I. RIVERA DONCELL**
**JUEZ SUPERIOR**



--------------ESCRITURA NUMERO TRES--------------

--------------------COMPRAVENTA--------------------

------En la ciudad de Cabo Rojo, Puerto Rico, a los

dieciséis días del mes de enero del dos mil quince.-------

------------------------ANTE MI------------------------

—RAMON GUILLERMO VELEZ RIVERA, Abogado y

Notario Público del Estado Libre Asociado de Puerto

Rico con residencia y estudio abierto en la ciudad de

Cabo Rojo, Puerto Rico.-------------------------------------

------------------------COMPARECEN-----------------------

-----DE LA PRIMERA PARTE COMO EL VENDEDOR:

DON ROBERTO NIETO VILLABRILLE, mayor de edad,

casado con Brígida Guardiola, propietario y vecino de

Añasco, Puerto Rico.---------------------------------------

—DE LA SEGUNDA PARTE COMO LOS

COMPRADORES: JOSE ANTONIO NEGRON SEIJO y

su esposa LINA INETTE VAELLO ATANACIO mayores

de edad, propietarios y vecinos de Añasco, Puerto

Rico.---------------------------------------------------------

--------------------------DOY FE--------------------------

—De conocer personalmente a los comparecientes, así

como por sus dichos, de su edad, estado civil, profesión

y/o ocupación y vecindad. Me aseguran tener y a mi

juicio tienen la capacidad legal necesaria para este

otorgamiento y en tal virtud libre y voluntariamente:------

--------------------------EXPONEN-------------------------

---PRIMERO: Que el compareciente de la primera parte

es dueño privativamente y en pleno dominio de la

RAMON GUILLERMO VELEZ RIVERA
ABOGADO – NOTARIO
P.O. BOX 604
CABO ROJO, PUERTO RICO 00623
TEL/FAX 787-851-7777

siguiente propiedad, la cual se describe como sigue:-----

----RUSTICA: Porción de terreno a café y frutos menores, radicado en el barrio de Añasco Arriba del término municipal de Añasco. Colinda al NORTE, con tierras de Evangelista Paz, en una extensión de dieciocho varas conuqueras; al SUD con la carretera que conduce de Añasco a Mayagüez: al ESTE, con tierras de la Sucn. de Brígida Goyco, Antonio Paz y José Fiol, en una extensión de treinta y seis varas conuqueras. Tiene de cabida UNA CUERDA, equivalente a treinta y nueve áreas, treinta centiáreas y treinta y nueve miliáreas. Contiene una casa que mide cincuenta y cuatro pies de frente por cincuenta y cuatro pies de fondo, de bloques y de concreto, con pisos de losetas, siendo dicha casa de dos plantas, constando la primera planta de cuarto de servicio, cuarto sanitario y laundry, y la planta alta consta de sala, comedor, tres cuartos dormitorios, cocina y dos baños.--------------------

---Consta inscrita en el Registro de la Propiedad de Mayagüez al folio ciento veintiuno (121) vuelto del tomo treinta y tres (33) finca mil doscientos veintiocho (1,228) de Añasco.-------------------------------------------------

---CATASTRO NUMERO: ciento ochenta y uno guión cero diecisiete guión cero cincuenta y nueve guión veinticuatro guión cero cero uno (181-017-059-24-001).-

—SEGUNDO: TITULO: "EL VENDEDOR" adquirió la referida propiedad por herencia de sus padres, según Instancias Registrales inscritas.-------------------------------

---TERCERO: CARGAS: El estado de cargas y/o gravámenes del inmueble objeto de este otorgamiento es como sigue:-------------------------------------------------

—A. MANIFESTACIONES: Se le ha advertido a las partes la necesidad de manifestar todo lo que conozcan o sepan sobre el Estado de Cargas y/o Gravámenes que afecten o puedan afectar el inmueble.-------------------

----Advirtiéndoles también sobre la responsabilidad civil



RAMON GUILLERMO VELEZ RIVERA
ABOGADO – NOTARIO
P.O. BOX 604
CABO ROJO, PUERTO RICO 00623
TEL/FAX 787-851-7777

y/o criminal de mentir u ocultar información relativa al estado de cargas y/o gravámenes de dicha propiedad. Luego de ello, manifiesta EL VENDEDOR bajo juramento que el referido inmueble se halla sujeta a una hipoteca en garantía de un pagaré a favor de Doral Bank Corporation por la suma de CIENTO VEINTICINCO MIL DOLARES ($125,000.00) la cual fue cancelada el trece de enero de dos mil quince mediante la Escritura Número Uno ante el Notario Fedante y por sí sujeta a una deuda contributiva por la suma de DIEZ MIL DOSCIENTOS CUATRO DOLARES CON SESENTA CENTAVOS ($10,204.60) a favor del Centro de Recaudación de Ingresos Municipales (CRIM) la cual está sujeta a un plan de pago del Vendedor con la referida agencia.--------------------------------------------------

—B. DOCUMENTOS: Por lo que aparece de los documentos y títulos exhibidos al Notario, la finca objeto de este otorgamiento se halla sujeta a las cargas y gravámenes antes mencionadas.----------------------------

—C. REGISTRO: Se ha advertido a las partes sobre la conveniencia de que se acredite el Estado de Cargas del inmueble de acuerdo al Registro de la Propiedad. Mediante una certificación registral o un estudio de título, realizado por un investigador cualificado para ello o mediante la comprobación o examen directo por parte de los interesados.------------------------------------------------

—Asímismo se les ha advertido que la expedición de una certificación registral o la de un estudio de título, no



RAMON GUILLERMO VELEZ RIVERA
ABOGADO – NOTARIO
P.O. BOX 604
CABO ROJO, PUERTO RICO 00623
TEL/FAX 787-851-7777

cierra el registro pudiendo existir cargas posteriores a la fecha y hora de dicha certificación o estudio, por muy reciente que sea. Se les ha advertido sobre la necesidad y/o conveniencia de realizar tal estudio u obtener tal certificación, así como los posibles riesgos y consecuencias de no hacerlo y posteriormente descubrir un gravamen. Manifiestan quedar bien enterados de todo ello a pesar lo cual proceden al otorgamiento de la presente.------------------------------------------------------------

—**CUARTO:** COMPRAVENTA: EL VENDEDOR vende, cede y traspasa a favor de LOS COMPRADORES quienes compran y aceptan el inmueble descrito en el párrafo PRIMERO precedente, con todo lo que les es anejo, usos y costumbres; con la legal obligación de saneamiento por evicción de acuerdo a Derecho, entrando "LOS COMPRADORES" en posesión y dominio de dicha propiedad inmediatamente y sin ningún otro acto o requisito que el otorgamiento de esta escritura.-----------------------------------------------------------

—Las contribuciones territoriales sobre dicha propiedad serán por cuenta y cargo de EL VENDEDOR hasta las del presente semestre y serán por cuenta y cargo de LOS COMPRADORES de allí en adelante.-----------------

—**SEXTO:** PRECIO: Constituye el precio de la presente compraventa la suma ajustada y convenida de DOSCIENTOS CINCUENTA Y CINCO MIL DOLARES ($255,000.00) dinero del curso legal de los Estados Unidos de Norte América de los cuales recibió la suma



GUILLERMO VELEZ RIVERA
ABOGADO – NOTARIO
P.O. BOX 604
CABO ROJO, PUERTO RICO 00623
TEL/FAX 787-851-7777



de cinco mil dólares ($5,000.00) de opción a compra, siendo las circunstancias personales las mismas, y recibe en el día de hoy a su entera satisfacción de manos de LOS COMPRADORES la suma de diez mil dólares ($10,000.00) mediante un cheque bancario y un Pagaré Hipotecario por la suma de DOSCIENTOS CUARENTA MIL DOLARES ($240,000.00) por concepto del precio aplazado el cual se constituye mediante la Escritura de Hipoteca número Cuatro, otorgada hoy dieciséis de enero de dos mil quince ante el Notario Fedante y que recibe el Vendedor. Por dichas cantidades el VENDEDOR le otorga a LOS COMPRADORES, formal recibo y eficaz carta de pago con arreglo a derecho.-------------------------------------------

--------------**ACEPTACION Y ADVERTENCIA**--------------

—Los comparecientes se muestran conforme al contenido de lo establecido en esta escritura y la aceptan por ajustarse a su entera voluntad. -----------------

—Yo, el Notario autorizante, hice a los comparecientes las advertencias legales pertinentes y específicamente les advertí y expliqué a las partes lo siguiente:-------------

---UNO: Que para determinar la deuda contributiva que pueda gravar la propiedad deberán acudir al Centro de Recaudaciones de Ingresos Municipales (CRIM) correspondiente.-------------------------------------------------

---Hace constar EL VENDEDOR que la deuda contributiva del inmueble ante el CRIM por la suma de diez mil doscientos cuatro dólares con sesenta centavos

($10,204.60) está supeditada a un plan de pago por el Vendedor, a cuarenta y ocho meses a razón de ciento cuarenta y dos dólares con setenta y dos centavos ($142.72) retroactivo al dieciséis de abril del dos mil catorce y vencedero en abril del dos mil dieciocho según surge de la Certificación de Plan de Pago de la Ley Número Ciento Cuarenta y Cinco del nueve de diciembre de dos mil trece (Plan de Incentivos y/o Amnistía). Al día de hoy El Vendedor ha realizado diez pagos de dicha deuda.-------------------------------------------

---EL COMPRADOR está consciente y reconoce el efecto del gravamen contributivo sobre el inmueble a favor del CRIM aceptando el mismo ante las consideraciones de la presente compraventa.--------------

----DOS: Que la parte compradora deberá acudir al Centro de Recaudaciones de Ingresos Municipales (CRIM) correspondiente, para solicitar la inscripción de la propiedad objeto de esta compraventa a su nombre en los Registros contributivos de dicho Centro y solicitar exoneración contributiva sobre la propiedad si tiene derecho a ello.------------------------------------------------

---TRES: Que la obligación de saneamiento de la parte vendedora con la parte compradora incluye garantizar el título sobre la propiedad objeto de esta compraventa y responder por los vicios ocultos que pudiera tener la propiedad.---------------------------------------------------

---CUATRO: De encontrarse en una zona inundable la propiedad objeto de esta compraventa, cualquier titular



GUILLERMO VELEZ RIVERA
ABOGADO – NOTARIO
P.O. BOX 604
CABO ROJO, PUERTO RICO 00623
TEL/FAX 787-851-7777

y/o ocupante presente y futuro queda obligado por ley a observar y cumplir con los requerimientos y disposiciones del Reglamento sobre Zonas susceptibles de Inundación, bajo apercibimiento de que incumplir con los mismos resultaría en un acto ilegal, a tenor con las disposiciones de la Sección tres (3) de la Ley Once (11) del ocho (8) de marzo de mil novecientos ochenta y ocho (1988) sobre Zonas Inundables, veintitrés L.P.R.A. doscientos veinticinco (23 L.P.R.A. 225) letra (g).----------

----CINCO: Se ha advertido a las partes sobre la obligación de la Parte Vendedora de incluir cualquier ganancia producto de la venta de la propiedad en su planilla de contribución sobre ingresos, para lo cual deberá determinar el monto de la ganancia, si alguna, y cumplir con la obligación fiscal que determina la ley. El Notario Fedante orientó a la Parte Vendedora sobre la conveniencia de consultar el aspecto y consecuencias contributivas de esta venta con su contable, contador o profesional calificado correspondiente. El Notario Fedante también advirtió a las partes que si la Parte Vendedora es un no residente en Puerto Rico, la Parte Compradora tiene la obligación de deducir y retener el veinticinco por ciento 25% de la diferencia entre el precio por el cual éste compró y el precio por el cual vende la persona extranjera y el diez por ciento (10%) al ciudadano americano no residente en Puerto Rico para ser preparada y pagada al Secretario de Hacienda de Puerto Rico, de acuerdo a lo dispuesto por la Ley



LERMO VELEZ RIVERA
ABOGADO – NOTARIO
P.O. BOX 604
PUERTO RICO 00623
FAX 787-851-7777

doscientos veintinueve (229) del trece de septiembre de mil novecientos noventa y seis (1996). Si el comprador dejare de hacer la retención, la cantidad que debió ser deducida y retenida le será cobrada a la Parte Compradora como si se tratara de una contribución adeudada por la Parte Compradora.-----------------------------

---Las partes otorgantes aquí comparecientes reconocen estar plenamente advertidos sobre este requisito y se obligan a su fiel cumplimiento en caso de que les sea de aplicación el mismo.-----------------------------------------

---SEIS: El Notario autorizante advierte a las partes comparecientes sobre los requisitos establecidos por la ley federal en el "Comprehensive Environmental Response Compensation Liability Act" (CERCLA), 42 U.S.C.Secc. 9601 et seq., a los efectos de las responsabilidades, obligaciones y riesgos de los vendedores y compradores de una propiedad, cuyo terreno pueda estar contaminado y a esos efectos los ha advertido respecto a la conveniencia de preparar una Auditoría Ambiental para que el adquiriente logre la protección que ofrece dicha ley. El Notario Autorizante hace constar que ha cuestionado a los otorgantes sobre la condición de la propiedad para que éstos determinen si tienen conocimiento de contaminación en dicho terreno.-----------------------------------------------

---SIETE: Se advierte a las partes, en especial a la Parte Compradora, que de la vivienda que enclava en el solar objeto de esta compraventa haber sido construida con

RAMON GUILLERMO VELEZ RIVERA
ABOGADO – NOTARIO
P.O. BOX 604
CABO ROJO, PUERTO RICO 00623
TEL/FAX 787-851-7777

anterioridad al año Mil Novecientos Setenta y Ocho (1978) le es de aplicación la Ley Federal para la Reducción de los Riesgos provocados por la Pintura a Base de Plomo, 42 USC Secc. 4851 et seq. Dicha ley y su reglamento imponen a la parte Vendedora y a su agente o corredor de bienes raíces, de haberlo, y antes de que la Parte Compradora quede obligada bajo un contrato, la obligación de divulgar su conocimiento sobre la presencia de pintura a base de plomo o de cualquier peligro conocido en la propiedad asociado con esta: proveer cualquier informe o evaluación sobre plomo que tuviera disponible; proveer tiempo para que La Parte Compradora inspeccione la propiedad para determinar la existencia o no existencia de pintura de plomo o renunciar al mismo; proveer un folleto informativo preparado por la Agencia para la Protección Ambiental (Environmental Protection Agency). Es requisito que la Compradora con la Vendedora y el agente o corredor de bienes raíces de haberlo, completen un documento con sus firmas confirmando el cumplimiento de los requisitos de la citada ley federal. Copia de dicho documento deberá ser conservado por la Parte vendedora y su agente por un periodo de tres años. Se advierte además, que el no cumplir con los requisitos de dicha ley expone a la Parte Vendedora y a su agente a responder civilmente por daños que puedan resultar. Conociendo el contenido de esta advertencia, ambas partes se manifiestan conformes y continúan con la

GUILLERMO VELEZ RIVERA
ABOGADO – NOTARIO
P.O. BOX 604
RICO ROJO, PUERTO RICO 00623
TEL/FAX 787-851-7777

presente compraventa eximiendo al Notario Autorizante de responsabilidad en lo relacionado con el requisito de divulgación sobre pintura de plomo.------------------------

---OCHO: La parte compradora admite haber inspeccionado el inmueble objeto de esta compraventa y certifica que la misma se encuentra en perfectas condiciones de forma tal que puede ser habitada de inmediato, manifiesta que la recibe y acepta en las condiciones en que se encuentra ("as is"). ------------------

---Las partes comparecientes, luego de esta advertencia y conociendo los riesgos anteriormente advertidos, acuerdan continuar con el presente otorgamiento.---------

----------------**OTORGAMIENTO Y LECTURA**--------------

—Leída la presente en alta voz por mí el Notario, a los comparecientes, enterándoles del derecho que tienen a leerla por sí mismos, el cual ejercieron.----------------------

------Se ratifican en la misma y firman al pie del último folio de ésta y además fijan sus iniciales al margen izquierdo  de todos y cada uno de los folios de esta escritura. De haberse practicado en un solo acto, sin interrupción alguna, todas las formalidades legales de este instrumento público. Todo ello ante mí, el Notario, quien de todo cuanto consigno en el presente documento DOY FE y asimismo, firmo, signo, sello y rubrico.----------



GUILLERMO VELEZ RIVERA
ABOGADO – NOTARIO
P.O. BOX 604
NAGUABO, PUERTO RICO 00623
TEL/FAX 787-851-7777

---------------------------CERTIFICACIÓN SIMPLE--------------------------

---Se hallan cancelados en el Original los correspondientes Sellos de Rentas internas, Asistencia Legal y de Impuesto Notarial.---------

---Aparecen las Iniciales en todos y cada uno de los Folios y las firmas de los Otorgantes al final, así como la Rúbrica, Signo, Sello y Firma del Notario autorizante, en el original de esta escritura.---------

---ES COPIA SIMPLE DE SU ORIGINAL.---------------------------------

---En Cabo Rojo, Puerto Rico, a 4 de marzo del año 2022.-------------

**RAMÓN GUILLERMO VÉLEZ RIVERA**
**NOTARIO PÚBLICO**

EXHIBIT C

------------ESCRITURA NUMERO CUATRO---------------

-------------CONSTITUCION DE HIPOTECA --------------

—En la ciudad de Cabo Rojo, Puerto Rico, el día dieciséis del mes de enero del año dos mil quince.--------

------------------------ANTE MI------------------------

—RAMON GUILLERMO VELEZ RIVERA, Abogado y Notario Público del Estado Libre Asociado de Puerto Rico con residencia y estudio  abierto en la ciudad de Cabo Rojo, Puerto Rico.-----------------------------------

---------------------------COMPARECE---------------------------

DE UNA SOLA PARTE Y EN LO ADELANTE DENOMINADO "EL DEUDOR HIPOTECARIO":  DON JOSE ANTONIO NEGRON SEIJO y su esposa DOÑA LINA INETTE VAELLO ATANACIO mayores de edad, propietarios y vecinos de Añasco, Puerto Rico.-------------

-----------------------------DOY FE-----------------------------

—De conocer personalmente a los comparecientes, así como por sus dichos, de su edad, estado civil, profesión y/o ocupación y vecindad. Me aseguran tener y a mi juicio tienen la capacidad legal necesaria para este otorgamiento y en tal virtud libre y voluntariamente:--------

-----------------------------EXPONEN--------------------------

---PRIMERO: Que EL DEUDOR HIPOTECARIO es dueño en pleno dominio de la propiedad que se describe a continuación:---------------------------------------------------

----RUSTICA: Porción de terreno a café y frutos menores, radicado en el barrio de Añasco Arriba del término municipal de Añasco. Colinda al NORTE, con tierras de Evangelista Paz, en una extensión de dieciocho varas conqueras; al SUD con la carretera



GUILLERMO VELEZ RIVERA
ABOGADO – NOTARIO
P.O. BOX 604
CABO, PUERTO RICO 00623
TEL/FAX 787-851-7777

que conduce de Añasco a Mayagüez: al ESTE, con tierras de la Sucn. de Brígida Goyco, Antonio Paz y José Fiol, en una extensión de treinta y seis varas conqueras. Tiene de cabida UNA CUERDA, equivalente a treinta y nueve áreas, treinta centiáreas y treinta y nueve miliáreas. Contiene una casa que mide cincuenta y cuatro pies de frente por cincuenta y cuatro pies de fondo, de bloques y de concreto, con pisos de losetas, siendo dicha casa de dos plantas, constando la primera planta de cuarto de servicio, cuarto sanitario y laundry, y la planta alta consta de sala, comedor, tres cuartos dormitorios, cocina y dos baños.--------------------

—SEGUNDO: Que la referida propiedad está inscrita en el Registro de la Propiedad de Mayagüez al folio ciento veintiuno (121) vuelto del tomo treinta y tres (33) finca mil doscientos veintiocho (1,228) de Añasco.---------------

---CATASTRO NUMERO: ciento ochenta y uno guión cero diecisiete guión cero cincuenta y nueve guión veinticuatro guión cero cero uno (181-017-059-24-001).-

---TERCERO: Que EL DEUDOR HIPOTECARIO adquirió la propiedad antes descrita mediante la Escritura Número Tres sobre Compraventa otorgada el dieciséis de enero dos mil quince en Cabo Rojo, Puerto Rico ante el Notario Fedante.----------------------------

—CUARTO: CARGAS: El estado de cargas y/o gravámenes del inmueble objeto de este otorgamiento es como sigue:----------------------------------------------

—A. MANIFESTACIONES: Se le ha advertido a las partes la necesidad de manifestar todo lo que conozcan o sepan sobre el Estado de Cargas y/o Gravámenes que afecten o puedan afectar el inmueble.------------------

---Advirtiéndole también sobre la responsabilidad civil y/o criminal de mentir u ocultar información relativa al



GUILLERMO VELEZ RIVERA
ABOGADO – NOTARIO
P.O. BOX 604
ROSO, PUERTO RICO 00623
TEL/FAX 787-851-7777

estado de cargas y/o gravámenes de dicha propiedad. Luego de ello, manifiesta el deudor hipotecario, bajo juramento, que el referido inmueble: se halla sujeta a una hipoteca en garantía de un pagaré a favor de Doral Bank Corporation por la suma de CIENTO VEINTICINCO MIL DOLARES ($125,000.00) la cual fue cancelada el trece de enero de dos mil quince mediante la Escritura Número Uno ante el Notario Fedante y sujeta a una deuda contributiva por la suma de DIEZ MIL DOSCIENTOS CUATRO DOLARES CON SESENTA CENTAVOS ($10,204.60) a favor del Centro de Recaudación de Ingresos Municipales (CRIM) la cual está sujeta a un plan de pago con la referida agencia.----

—B. DOCUMENTOS: Por lo que aparece de los documentos y títulos exhibidos al Notario, la finca objeto de este otorgamiento se halla sujeta a las cargas y gravámenes antes mencionados.-----------------------

—QUINTO: Que con el propósito de levantar fondos el DEUDOR HIPOTECARIO ha suscrito con fecha del dieciséis de enero de dos mil quince y ante el Notario Fedante un Pagaré al Portador el cual tendrá rango de primera y literalmente trascrito lee como sigue:------------

----------------------PAGARÉ AL PORTADOR----------------

--------En Cabo Rojo, Puerto Rico hoy 16 de enero de 2015.-----------------

CANTIDAD: **$240,000.00** --------

VENCIMIENTO: *1 de enero de 2030*--------

**1. PROMESA DEL DEUDOR DE PAGAR**--------------

----A cambio de un préstamo que he recibido, prometo pagar U.S. **$240,000.00** (esta cantidad se llamará "Principal"), más intereses a la orden del Prestador. El Prestador es **EL PORTADOR.** Haré todos los



GUILLERMO VELEZ RIVERA
ABOGADO—NOTARIO
P.O. BOX 604
CABO ROJO, PUERTO RICO 00623
TEL./FAX 787-851-7777

28



*pagos bajo este Pagaré en efectivo, con cheque o giro.----------------------*

------Entiendo que el Prestador puede traspasar este Pagaré. Se llamará el "Tenedor del Pagaré" al Prestador y a cualquiera a quien se traspase este Pagaré y tenga derecho a recibir pagos bajo el mismo.--------------------------------------------------------------------

### 2- INTERESES-----------------------------------------------------------------

*---Se cargarán intereses sobre el principal adeudado, hasta que se salde la suma total del Principal. Pagaré intereses a la tasa anual de cinco porciento (5 %) los primeros tres años y del siete porciento (7%) los próximos doce años.--------------------*

*----La tasa de interés impuesta en esta Sección 2 es la tasa que pagaré tanto antes como después de cualquier incumplimiento descrito en la Sección 6(B) de este Pagaré.--------------------*

### 3- PAGOS---------------------------------------------------------------

#### (A)   Tiempo y Lugar de los Pagos-----------------------------------

*----Pagaré el principal y los intereses haciendo un pago cada mes.--------*

*----Haré mis pagos mensuales el día primero de cada mes, comenzando retroactivo al **1ro de enero de 2015**. Haré estos pagos cada mes hasta que haya pagado todo el principal y los intereses, y cualesquiera otros cargos aquí establecidos que pueda adeudar bajo este Pagaré. Cada pago mensual se aplicará conforme su fecha de vencimiento, y será aplicado a intereses antes que al Principal. Si al **1ro de enero de 2030** aún adeudo sumas bajo este Pagaré, pagaré dichas sumas en su totalidad en esa fecha, la cual se llamará "Fecha de Vencimiento".--------------------*

*----Haré mis pagos mensuales en pago directo a la cuenta número 063-003953-43 de la Cooperativa de Ahorro y Crédito de Añasco o en un lugar distinto si lo requiere el Tenedor del Pagaré.--------------------*

#### (B)   Cantidad de los Pagos Mensuales-----------------------------

*Mis pagos mensuales serán por la cantidad de U.S. **$1,897.90** los primeros treinta y seis pagos y de **$2,110.27** los siguientes ciento cuarenta y cuatro pagos.--------------------*

#### 4.   EL DERECHO DEL DEUDOR A PAGAR ANTICIPADO--

*-----Tengo el derecho de hacer pagos al Principal en cualquier momento antes de que venzan. Un pago al Principal solamente se conoce como un "Pago Anticipado". Cuando haga un Pago Anticipado, le diré al Tenedor del Pagaré por escrito que lo estoy haciendo. No puedo identificar un pago como Pago Anticipado si no estoy al día en mis pagos mensuales bajo el Pagaré.--------------------*

*----Podré hacer un Pago Anticipado completo o Pagos Anticipados parciales sin pagar un cargo por Pago Anticipado. El Tenedor del Pagaré usará mis Pagos Anticipados para reducir el balance de Principal que adeude bajo este Pagaré. No obstante, el Tenedor del Pagaré podrá aplicar mi Pago Anticipado al pago de intereses acumulados vencidos antes de aplicar mi Pago Anticipado a reducir la suma Principal del Pagaré. Si hago un Pago Anticipado parcial, no habrá cambios en la fecha de vencimiento o en la cuantía de mi pago mensual a menos que el Tenedor del Pagaré acuerde por escrito dichos cambios --------------------*

#### 5.   CARGOS DEL PRÉSTAMO---------------------------------------

*intereses u otros cargos cobrados o por ser cobrados a tenor con este préstamo excediese los límites permitidos, entonces (a) cualquier tal cargo se ajustará por la cantidad necesaria para reducir el cargo al límite permitido; y (b) me será reembolsada cualquier suma ya pagada por mí que exceda los límites permitidos. El Tenedor del Pagaré podrá escoger entre aplicar este reembolso para reducir el Principal que adeude bajo este Pagaré, o hacerme un pago directo. Si un reembolso reduce el Principal, el reembolso se tratará como un Pago Anticipado parcial.-------------------------------------------------------------------*

### 6.  INCUMPLIMIENTO DEL DEUDOR DE PAGAR SEGÚN REQUERIDO------------------------------------------------------------------

**(A)  Cargos por Demora por Pagos Vencidos------------------**

----*Si el Tenedor del Pagaré no ha recibido la cantidad total de cualquier pago mensual pasados quince días calendario de su fecha de vencimiento, le pagaré un cargo por demora. El cargo será* **10%** *del pago vencido de principal e intereses. Pagaré este cargo por demora prontamente, pero solamente una vez por cada pago tardío.-----------*

**(B)  Incumplimiento----------------------------------------------**

----*Incurriré en incumplimiento si no pago la cantidad total de cada pago mensual a la fecha de su vencimiento.-------------------------------------*

**(C) Aviso de Incumplimiento------------------------------**

----*Si incurro en incumplimiento, el Tenedor del Pagaré podrá enviarme aviso escrito diciéndome que si no pago la cantidad vencida para cierta fecha, podrá requerirme saldo inmediato de la suma total del Principal que no ha sido pagado, más todos los intereses que adeude sobre esta suma. Esa fecha tiene que ser por lo menos treinta (30) días después de la fecha en que me sea enviado el aviso por correo, o entregado por cualquier otro medio.-------------------------------------------------------*

**(D) No Renuncia por el Tenedor del Pagaré-----------------------**

----*Aun cuando a la fecha en que incurro en incumplimiento el Tenedor del Pagaré no me requiera que pague la totalidad inmediatamente, según expresado anteriormente, el Tenedor del Pagaré tendrá derecho a hacerlo si vuelvo a incurrir en incumplimiento en un fecha posterior.-----*

**(E) Pago de Costas y Gastos del Tenedor del Pagaré------------**

----*Si el Tenedor del Pagaré me ha notificado que tengo la obligación de pagar la totalidad inmediatamente, según se establece anteriormente, o el Tenedor del Pagaré radica cobro judicial o cobro en un procedimiento de quiebra, el Tenedor del Pagaré tendrá derecho a cobrar sus costas y gastos para hacer valer este Pagaré (incluyendo, pero sin limitarse a, honorarios de abogado), los cuales se fijan en la suma pactada y líquida de diez por ciento (10%) de la suma Principal original.-------------*

### 7.  NOTIFICACIÓN---------------------------------------------------

----*A menos que la ley aplicable requiera otro método, cualquier aviso que se me deba dar bajo este Pagaré se hará entregándome o enviándome por correo de primera clase, a la dirección de la Propiedad arriba indicada o a una dirección diferente, si le notifico por escrito una dirección diferente al Tenedor del Pagaré.--------------------------------*
----*Cualquier notificación que deba dar al Tenedor del Pagaré, lo haré entregándola o enviándola por correo de primera clase a la dirección indicada en la Sección Tres (a) [3(a)], o a una dirección distinta que me haya notificado el Tenedor del Pagaré.-------------------------------------*

### 8.  OBLIGACIONES DE LAS PERSONAS BAJO ESTE PAGARÉ-----------------------------------------------------------------

----*Si más de una persona firma este Pagaré, cada persona queda plenamente y personalmente obligada a cumplir todas las obligaciones*



GUILLERMO VELEZ RIVERA
ABOGADO – NOTARIO
P.O. BOX 604
CASTAÑER, PUERTO RICO 00623
TEL/FAX 787-851-7777

contenidas en este Pagaré, incluyendo la promesa de pagar la suma total adeudada. Cualquier persona que sea garantizadora, fiadora, o endosante de este Pagaré también queda obligada de esa manera. Cualquier persona que asuma estas obligaciones, incluyendo las obligaciones de un garantizador, fiador, o endosante de este Pagaré, quedará también obligada a cumplir todas las obligaciones contenidas en este Pagaré. El Tenedor del Pagaré podrá hacer valer sus derechos bajo este Pagaré contra cada persona individualmente, o contra todos nosotros conjuntamente. Esto significa que cualquiera de nosotros podrá ser requerido a pagar todas las sumas adeudadas bajo este Pagaré.------

### 9. RENUNCIAS------

----Yo y toda otra persona obligada bajo este Pagaré renunciamos a la Presentación y al Aviso de Incumplimiento. "Presentación" significa el derecho a requerir que el Tenedor del Pagaré reclame pago de sumas vencidas. "Aviso de Incumplimiento" significa el derecho a requerir que el Tenedor del Pagaré notifique a otras personas obligadas a pagar el Pagaré, que no se han pagado las sumas adeudadas.------

### 10. PAGARÉ GARANTIZADO UNIFORME------

----Este Pagaré es un instrumento uniforme con algunas alteraciones en algunas jurisdicciones. Además de las protecciones dadas al Tenedor del Pagaré bajo este Pagaré, una Hipoteca, Escritura de Fideicomiso, o Escritura de Garantía Colateral (la "Hipoteca"), de esta misma fecha, protege al Tenedor del Pagaré de posibles pérdidas que puedan resultar si no cumplo con las promesas que hago en este Pagaré. Esa Hipoteca describe cómo y bajo qué condiciones puedo ser requerido a pagar inmediatamente el total de todas las sumas que adeude bajo este Pagaré. Algunas de esas condiciones se describen a continuación:------

"Traspaso de la Propiedad o de un Interés Beneficiario del Deudor. "Interés en la Propiedad" significa todo interés propietario o beneficiario en la Propiedad, incluyendo, pero sin limitarse a, aquellos intereses beneficiarios transferidos como pacto condicional de traspaso, contrato para venta, contrato de venta a plazos o acuerdo de plica, cuya intención sea el traspaso de título por el Deudor a un comprador en fecha futura.

Si sin el previo consentimiento del Prestador se vende o traspasa toda o cualquier parte de la Propiedad, o cualquier Interés en la Propiedad (o en caso que el Deudor no sea una persona natural se vende o traspasa un interés propietario en el Deudor), entonces el Prestador podrá requerir el pago completo e inmediato de todas las cantidades aseguradas por esta Hipoteca. Sin embargo, el Prestador no ejercerá esta opción en caso que la Ley Aplicable la prohíba."

----Si el Prestador ejerce esta opción, le dará aviso al Deudor de la aceleración del vencimiento. El aviso proveerá un período no menor de treinta (30) días a partir de su fecha, dentro del cual el Deudor vendrá obligado a pagar todas las cantidades aseguradas por esta Hipoteca. Si el Deudor dejare de pagar estas cantidades antes del vencimiento de este período, el Prestador podrá invocar cualquier remedio permitido por esta Hipoteca, sin más aviso o requerimiento al Deudor.------

### 11. HIPOTECA------

---El pago de la deuda evidenciada por este Pagaré está garantizado por una Hipoteca de esta misma fecha, constituida mediante la escritura número **Cuatro** del Notario Público infrascrito.------

—FIRMADO: JOSE ANTONIO NEGRON SEIJO Y LINA



ILLERMO VELEZ RIVERA
ADO – NOTARIO
P.O. BOX 604
O, PUERTO RICO 00623
FAX 787-851-7777

INETTE VAELLO ATANACIO----------------------------------

---**TESTIMONIO NUMERO: 18,803**----------------------------

---Suscrito ante mí  por **José Antonio Negrón Seijo y Lina Inette Vaello Atanacio,** mayores de edad, propietarios, casados entre sí y vecinos de Añasco, Puerto Rico a quienes conozco personalmente.------------

---En Cabo Rojo, Puerto Rico hoy 16 de enero de 2015.- FIRMADO: RAMON GUILLERMO VELEZ RIVERA, NOTARIO PUBLICO.-------------------------------------

—Aparece el sello del notario y el correspondiente sello de Asistencia Legal.-----------------------------------------

—Yo, el Notario autorizante, certifico que el Pagaré transcrito concuerda bien y fielmente con el Pagaré original que he tenido a la vista y al que me remito.---------

—**SEXTO:** HIPOTECA: Que con el propósito de garantizar el pago de las cantidades y créditos que se relacionan en la obligación transcrita en el párrafo anterior, EL DEUDOR HIPOTECARIO ha resuelto constituir una Hipoteca voluntaria sobre el inmueble de su propiedad que ha sido descrito en el párrafo PRIMERO precedente, llevándolo a efecto de acuerdo a las siguientes cláusulas que:------------------------------------

-------------------------------**OTORGA**------------------------

—A. EL DEUDOR HIPOTECARIO constituye Hipoteca a favor de EL PORTADOR presente o futuro, de la obligación transcrita, sobre el inmueble de su propiedad descrita en el párrafo PRIMERO precedente; así como sobre cuantas mejoras, elevaciones, equipo con carácter



GUILLERMO VELEZ RIVERA
ABOGADO – NOTARIO
P.O. BOX 604
CABO ROJO, PUERTO RICO 00623
TEL/FAX 787-851-7777

permanente o nuevas edificaciones que se le incorporen al inmueble en el futuro; aún cuando fueran realizadas por terceras personas, por las cantidades relacionadas en la referida obligación.------------------------------------------

—B. Son condiciones expresas de este contrato y el incumplimiento de una, cualquiera de ellas, dará derecho al portador de la obligación tantas veces referida a exigir su pago inmediato y a proceder a su reclamación judicial o a la ejecución de la hipoteca constituida en garantía de la misma, sin necesidad de presentación o requerimiento de pago de la obligación que EL DEUDOR HIPOTECARIO mantendrá el inmueble hipotecado al corriente en el pago de las contribuciones territoriales; que mantendrá la propiedad hipotecada en el mejor estado de conservación y mantendrá la propiedad hipotecada asegurada por sumas razonables contra los riesgos que el acreedor hipotecario indique. Tales pólizas de seguro serán establecidas de manera que toda pérdida se pague directamente al acreedor hipotecario para que se aplique al pago de la deuda, quedando el remanente, si alguno, a beneficio del deudor hipotecario.-

—C. Si el DEUDOR HIPOTECARIO no cumple con alguna de las disposiciones relacionadas en la cláusula "B" precedente, por el presente medio se consiente a que lo haga el acreedor a nombre suyo y en tal caso quedarán hipotecariamente garantizados los anticipos y/o desembolsos que efectúe el acreedor hipotecario y formarán parte de la hipoteca que por la presente se



GUILLERMO VELEZ RIVERA
ABOGADO – NOTARIO
PMB BOX 604
LARES, PUERTO RICO 00623
TEL/FAX 787-851-7777

permanente o nuevas edificaciones que se le incorporen al inmueble en el futuro; aún cuando fueran realizadas por terceras personas, por las cantidades relacionadas en la referida obligación.-------------------------------

—**B.** Son condiciones expresas de este contrato y el incumplimiento de una, cualquiera de ellas, dará derecho al portador de la obligación tantas veces referida a exigir su pago inmediato y a proceder a su reclamación judicial o a la ejecución de la hipoteca constituida en garantía de la misma, sin necesidad de presentación o requerimiento de pago de la obligación que EL DEUDOR HIPOTECARIO mantendrá el inmueble hipotecado al corriente en el pago de las contribuciones territoriales; que mantendrá la propiedad hipotecada en el mejor estado de conservación y mantendrá la propiedad hipotecada asegurada por sumas razonables contra los riesgos que el acreedor hipotecario indique. Tales pólizas de seguro serán establecidas de manera que toda pérdida se pague directamente al acreedor hipotecario para que se aplique al pago de la deuda, quedando el remanente, si alguno, a beneficio del deudor hipotecario.-

—**C.** Si el DEUDOR HIPOTECARIO no cumple con alguna de las disposiciones relacionadas en la cláusula "B" precedente, por el presente medio se consiente a que lo haga el acreedor a nombre suyo y en tal caso quedarán hipotecariamente garantizados los anticipos y/o desembolsos que efectúe el acreedor hipotecario y formarán parte de la hipoteca que por la presente se



GUILLERMO VELEZ RIVERA
ABOGADO – NOTARIO
PMB 604 PO BOX 604
, PUERTO RICO 00623
TEL/FAX 787-851-7777

constituye ampliada la misma por dichos anticipos y/o desembolsos.----------------------------------------------------

—D. EL DEUDOR HIPOTECARIO conviene expresamente en que toda compensación o sentencia por daños a la propiedad hipotecada y toda compensación concedida en virtud al procedimiento de expropiación o de cualquier otra clase, en relación a tal propiedad, queda por la presente cedida de manera irrevocable al ACREEDOR HIPOTECARIO hasta la suma adeudada por concepto de la referida obligación; para ser aplicada al pago o reducción de lo que se adeuda por concepto de tal obligación quedando el acreedor hipotecario facultado para otorgar los recibos, cartas de pago y documentos de relevo pertinentes.----------------------

—E. EL DEUDOR HIPOTECARIO se reserva expresamente el derecho de recoger y pagar en cualquier momento antes del vencimiento o presentación, la obligación garantizada sin que venga obligado al pago de indemnización de clase alguna.--------------------------

—F. El incumplimiento de cualquiera de las cláusulas aquí estipuladas dará lugar a la aceleración del vencimiento de la obligación garantizada por la Hipoteca que aquí se constituye, como si la misma hubiera llegado a su término, quedando el acreedor en libertad de proceder a su cobro.---------------------------------

—G. En el caso de que el Pagaré Hipotecario garantizado con Hipoteca mediante la presente escritura fuese cedido o entregado en prenda o en otra forma



gravado como garantía colateral para el pago de cualquier otro pagaré u obligación del deudor hipotecario o de cualquier otra persona, el deudor hipotecario conviene en que el acreedor hipotecario podrá ejecutar esta hipoteca sin que sea necesario que el primer acreedor hipotecario ejecutare dicha prenda u otro gravamen que fuese así constituido sobre el Pagaré Hipotecario, con la misma amplitud y con la misma fuerza y efecto como si el Pagaré Hipotecario hubiese sido cedido o entregado directamente al acreedor hipotecario en lugar de haber sido cedido o entregado en prenda como garantía colateral.------------------------------------------

—H. En cumplimiento de las disposiciones de la Ley Hipotecaria, se tasa la propiedad descrita en el párrafo PRIMERO precedente de esta escritura, en la suma de DOSCIENTOS    CUARENTA    MIL    DOLARES ($240,000.00).-----------------------------------------------------------

---I. Si el tenedor del pagaré no ha recibido la cantidad total de cualquier pago mensual pasados quince días calendario de su fecha de vencimiento, le pagará un cargo por demora de diez porciento (10%) del pago vencido de principal e intereses.-------------------------------

—J. Es un requisito en esta hipoteca que para vender, donar, permutar, traspasar, gravar, o hacer otra transferencia de la propiedad, el Acreedor tiene que dar su aprobación por escrito. De no obtenerse la aprobación del Acreedor antes de cualquier transferencia, la deuda se    considerará    vencida    al    momento    de    dicha

GUILLERMO VELEZ RIVERA
ABOGADO – NOTARIO
P.O. BOX 604
XXX, PUERTO RICO 00623
TEL/FAX 787-851-7777

transferencia.------------------------------------------------

---En el evento de que el Acreedor acepte que la hipoteca sea asumida por un tercero, éste tendrá derecho de requerir información financiera de dicho tercero y el derecho a ponerle un cargo por asumir la hipoteca.--------

---En el caso de que se realice un traspaso por el Deudor de la propiedad aquí descrita o cualquier parte y el cesionario nombrado en dicho traspaso falle o no quiera asumir el pago de la obligación evidenciada por el Pagaré y asegurado por la hipoteca, y de acuerdo a sus respectivos término, entonces y en el caso de que se declare vencido por el Acreedor, todas las sumas de dinero aseguradas aquí serán inmediatamente vencidas y pagaderas. En el caso de que el dueño de dicha propiedad o cualquier parte al que le sea conferido que no sea el Deudor, el Acreedor puede, sin notificarle al Deudor, negociar con dicho sucesor o sucesores en el interés referente a esta hipoteca y la deuda aquí asegurada en la misma manera que con el Acreedor, y puede prorrogar, demandar o extender el tiempo para pagar la deuda aquí asegurada, sin descargo o de alguna manera afectar la obligación del Deudor sobre la deuda asegurada.------------------------------------------

---El Titular y el Acreedor Hipotecario acuerdan establecer una cuenta de reserva anual por la suma de dos mil quinientos dólares ($2,500.00) para el pago de la póliza de seguro de la propiedad más el pago de las contribuciones del inmueble.--------------------------



GUILLERMO VELEZ RIVERA
ABOGADO - NOTARIO
P. O. BOX 604
PUERTO RICO 00623
TEL/FAX 787-651-7777

---El primer pago se realizó el primero de enero del presente año y el titular continuará pagando mensualmente la suma de doscientos dólares ($200.00) que serán acreditados a la cuenta de reserva hasta su pago final.------------------------------------------------

---De existir algún sobrante anual el acreedor hipotecario se lo notificará al titular y se lo aplicará al próximo año.---

---**K.** Traspaso de la Propiedad o de un Interés Beneficiario del Deudor. "Interés en la Propiedad" significa todo interés propietario o beneficiario en la Propiedad, incluyendo, pero sin limitarse a, aquellos intereses beneficiarios transferidos como pacto condicional de traspaso, contrato para venta, contrato de venta a plazos o acuerdo de plica, cuya intención sea el traspaso de título por el Deudor a un comprador en fecha futura.----------------------------------------------------

---Si sin el previo consentimiento del Prestador se vende o traspasa toda o cualquier parte de la Propiedad, o cualquier Interés en la Propiedad (o en caso que el Deudor no sea una persona natural se vende o traspasa un interés propietario en el Deudor), entonces el Prestador podrá requerir el pago completo e inmediato de todas las cantidades aseguradas por esta Hipoteca. Sin embargo, el Prestador no ejercerá esta opción en caso que la Ley Aplicable la prohíba.----------------

---- Si el Prestador ejerce esta opción, le dará aviso al Deudor de la aceleración del vencimiento. El aviso proveerá un período no menor de treinta (30) días a partir



GUILLERMO VELEZ RIVERA
ABOGADO – NOTARIO
P.O. BOX 604
CABO ROJO, PUERTO RICO 00623
TEL/FAX 787-851-7777

**37**

de su fecha, dentro del cual el Deudor vendrá obligado a pagar todas las cantidades aseguradas por esta Hipoteca. Si el Deudor dejare de pagar estas cantidades antes del vencimiento de este período, el Prestador podrá invocar cualquier remedio permitido por esta Hipoteca, sin más aviso o requerimiento al Deudor.----------------------

---L. Las disposiciones contenidas en las cláusulas precedentes se hacen expresamente extensivas a los sucesores, herederos, causahabientes y/o cesionarios en derecho del deudor hipotecario.--------------------------------

--------------ACEPTACION Y ADVERTENCIA---------------

—Los comparecientes se muestran conformes al contenido de lo establecido en esta escritura y la aceptan por ajustarse a su entera voluntad. ----------------------------

—Yo, el Notario autorizante, hice a los comparecientes las advertencias legales pertinentes.------------------------

--------------OTORGAMIENTO Y LECTURA----------------

—Leída la presente en alta voz por mí el Notario, a los comparecientes, enterándoles del derecho que tienen a leerla por sí mismos, el cual ejercieron.------------------------

—Se ratifican en la misma y firman al pie del último folio de ésta y además fijan sus iniciales al margen izquierdo de todos y cada uno de los folios de esta escritura. De haberse practicado en un solo acto, sin interrupción alguna, todas las formalidades legales de este instrumento público. Todo ello ante mí, el notario, quien de todo cuanto consigno en el presente documento DOY FE y asimismo, firmo, signo, sello y rubrico.-------------------



GUILLERMO VELEZ RIVERA
ABOGADO – NOTARIO
PMB BOX 604
ARECIBO PUERTO RICO 00623
TELEFONO 787-851-7777





```
5203
01/20/2015
$25.00
Sellos Scc Asist. Lgl Ley 244
53051-2015-0120-63160518
```

```
5120
01/20/2015
$241.00
Sello Rentas Internas
53051-2015-0120-62742032
```

```
5115
01/20/2015
$1.00
$1 Impuesto Notarial
53051-2015-0120-62970283
```

------------------------**CERTIFICACIÓN SIMPLE**------------------------

---Se hallan cancelados en el Original los correspondientes Se[llos]
de Rentas internas, Asistencia Legal y de Impuesto Notarial.---

---Aparecen las Iniciales en todos y cada uno de los Folios y[las]
firmas de los Otorgantes al final, así como la Rúbrica, Signo, Se[llo y]
Firma del Notario autorizante, en el original de esta escritura.--

---ES COPIA SIMPLE DE SU ORIGINAL.------

---En Cabo Rojo, Puerto Rico, a 4 de marzo del año 2022.---

RAMÓN GUILLERMO VÉLEZ RIV[ERA]
NOTARIO PÚBLICO

**EXHIBIT D**

## ACUERDO DE TRANSACCION

—En la ciudad de Añasco, Puerto Rico, a los _14_ días del mes de febrero de 2020.

### COMPARECEN

—DE UNA PRIMERA PARTE: Don José A. Negrón Seijo y Doña Lina Inetto Vaello Atanacio, mayores de edad, casados entre si y vecinos de Añasco, Puerto Rico, en adelante los "PROPIETARIOS". —————————————————————————

—DE UNA SEGUNDA PARTE: La Sucesión de Don Roberto Nieto Villabrille, compuesta por Don Jaime Nieto, Don Roberto Nieto y Don José Nieto, todos mayores de edad y residentes de Puerto Rico. ———————————————————————

—Los "Propietarios" son dueños de la siguiente propiedad: ———————————

—RUSTICA: Porción de terreno a café y frutos menores, radicado en el barrio de Añasco Arriba del término municipal de Añasco. Colinda al NORTE, con tierras de Evangelista Paz, en una extensión de dieciocho varas 'conuqueras; al SUD con la carretera que conduce de Añasco a Mayagüez; al ESTE, con tierras de la Suca. de Brígida Goyco-, Antonio paz y José Fiol, en una extensión de treinta y seis varas conuqueras. Tiene de cabida UNA CUERDA, equivalente a treinta y nueve áreas, treinta centiáreas y treinta y nueve miliáreas. contiene una casa que mide cincuenta y cuatro pies de frente por cincuenta y cuatro pies de fondo, de bloques y de concreto, con pisos de losetas, siendo dicha casa de dos plantas, constando la primera planta de cuarto de servicio, cuarto sanitario y laundry, y la planta alta consta de sala, comedor, tres cuartos dormitorios, cocina y dos baños. ——————————

—Consta inscrita en el Registro de la propiedad de Mayagüez al folio ciento veintiuno (121) vuelto del tomo treinta y tres (33) finca mil doscientos veintiocho (1,228) de Añasco. ——————————

—CATASTRO NUMERO: ciento ochenta y uno guión cero diecisiete guión cero cincuenta y nueve guión veinticuatro guión cero cero uno (181-017-059-24-001).——————————

### EXPONEN

—PRIMERO: Dicha propiedad fue adquirida por los "Propietarios" del causante de los comparecientes de la segunda parte mediante escritura de compraventa número tres (3) del dieciséis (16) de enero de dos mil quince (2015) ante el Notario Ramón Guillermo Vélez Rivera. ————————————————————————————————

—SEGUNDO: Sobre dicha propiedad se constituyó, por los "Propietarios" una hipoteca en garantía de pagaré al portador por la cantidad de $240,000.00 los cuales serían pagados en plazos mensuales de la siguiente forma: los primeros treinta y seis meses plazos de $1897.90 y los últimos ciento cuarenta y cuatro meses en plazos de



$2,110.27 según se desprende de la escritura número 4 sobre constitución de hipoteca de 16 de enero de 2015 ante el notario Ramón Guillermo Vélez Rivera. Más la suma de doscientos dólares ($200.00) que serán acreditados a la cuenta de reserva hasta su pago final, esta cuenta de reserva es para el pago de la póliza de seguro de la propiedad y el pago de las contribuciones del inmueble. A partir del año 2020 los Comparecientes de la Segunda Parte acreditaran a los Comparecientes de la Primera Parte copia de la póliza del seguro con un endoso a su nombre y el recibo del pago de las contribuciones sobre la propiedad (CRIM). De no acreditarse dicho pago los Comparecientes de la Segunda Parte retendrán el pago mensual de los $200.00 de la cuenta de reserva hasta que la Primera Parte acredite los pagos anteriores.————

—TERCERO: Dichos pagos mensuales tenían que ser hechos, y fueron realizados, a la cuenta 063-003953-43 de la Cooperativa de Ahorro y Crédito de Añasco hasta que el causante de los comparecientes de la segunda parte, Don Roberto Nieto Villabrille falleció luego de los cuales se realizaron a la viuda, Doña Brigida Guardiola hasta el pasado mes de Octubre de 2019, estando al día los pagos de la hipoteca con excepción de los últimos cuatro meses, que comprenden de Noviembre de 2019 a Febrero 2020, para un total pendiente de pago de $9,241.08 y que fueron retenidos por los "propietarios" una vez se le hizo un requerimiento de pago por los comparecientes de la segunda parte. ————————————————————

—CUARTO: Los "Propietarios" reconocen que los comparecientes de la segunda parte han sido declarados como los únicos y universales herederos de Don Roberto Nieto Villabrille según lo establece la Resolución sobre Declaratoria de Herederos emitida por el Tribunal de Primera Instancia Sala de Añasco en el caso Civil Número AÑ2019CV00114 del 6 de mayo de 2019. ————————————

—QUINTO: Los comparecientes de la segunda parte aceptan que lo antes relatado es correcto y cierto. ————————————————————

—SEXTO: Los comparecientes de la primera y segunda parte acuerdan que los pagos se realizaran, de ahora en adelante, a los comparecientes de la segunda parte de la siguiente forma:

    a.   El pago de los cuatro meses acumulados al presente por la suma

de $9,241.08 se hará mediante cheque a nombre de la Sucesión y entregado con la firma de este documento.

b.    Los pagos subsiguientes a partir de Marzo 2020 serán de $2,310.27 hasta el saldo total de lo adeudado, se harán mediante depósito bancario a la cuenta número 019059124 del Banco Popular de Puerto Rico, a nombre de la Sucesión Roberto Nieto Villabrille y según lo establece la escritura de Constitución de Hipoteca núm. 4 del 16 de enero de 2015.

—SEPTIMO: Los comparecientes de la segunda parte se comprometen a no iniciar o continuar acción legal alguna contra los comparecientes de la primera parte por posibles o alegados actos anteriores a la firma de este acuerdo de transacción.

—OCTAVO: Los comparecientes aceptan y reconocen que la escritura número 4 otorgada ante el Notario Guillermo Vélez Rivera sobre Constitución de Hipoteca del 16 de enero de 2015 seguirá rigiendo su relación contractual a tono con todas las cláusulas y condiciones incluidas en dicha escritura, y solamente queda enmendada la misma con relación a lo aquí recogido y estipulado en este documento. —————

—NOVENO: También las partes se comprometen reciprocamente a garantizar la paz y tranquilidad de todas las partes con el cumplimiento específico de lo pactado y en el disfrute de la propiedad. ———————

Las partes han leído este contrato y los haya conforme a los por ellos pactados y para que asi conste firman el presente documento, hoy 12 de febrero de 2020. En Añasco, Puerto Rico.

JOSE A. NEGRON SEIJO

LINA I. VAELLO ATANACIO
"PROPIETARIOS"

JAIME NIETO

ROBERTO NIETO

JOSE NIETO
"SUCESORES"



Aff. Núm. 11,043

Jurado y suscrito ante mí por Jaime Nieto, Roberto Nieto y José Nieto, de las circunstancias personales antes expresadas, a quienes doy fe de conocer personalmente en Añasco, Puerto Rico a 12 de febrero de 2020.

NOTARIO PÚBLICO

Aff. Núm. 2,023

Jurado y suscrito ante mí por José A. Negrón Seijo y Lina I. Vaello Atanacio, de las circunstancias personales antes expresadas, a quienes doy fe de conocer personalmente en Añasco, Puerto Rico a 14 de febrero de 2020.

NOTARIO PÚBLICO

**VILARIÑO & ASSOCIATES**
LLC

**EXHIBIT E**

August 2, 2022

**BY FIRST-CLASS MAIL**

Jaime R. Nieto Del Toro

PO Box 1881 Añasco, P.R. 00610

RE:      *In re Jaime Nieto Del Toro; Bankruptcy Case No. 21-03574 (ESL)*

Dear Mr. Nieto:

Our firm represents Noreen Wiscovitch-Rentas, who is currently appointed by the Bankruptcy Court for the District of Puerto Rico as the Chapter 7 Trustee (the "Trustee") in the referenced case of Jaime R. Nieto Del Toro (the "Debtor") which was filed on December 1, 2021 (the "Petition Date"). The Trustee has the duty to protect and maximize the assets belonging to the Bankruptcy Estate she administers for the eventual distribution among Debtor's creditors.

The Trustee is aware that your late father, Mr. Roberto Nieto Villabrille, constituted a mortgage for Jose A. Negron Seijo and Lina I. Vaello Atanacio, in which they were obligated to pay the amount of $2,310.27 per month to the hereditary estate of which $200.00 is to cover the cost of property contributions and payment of the insurance policy, and in which an agreement is placed for them to divide the rest of the payment in three equal payments addressed to each heir, including you. Consequently, upon information and belief, you have a right to receive each month the amount of $703.42 from Jose A. Negron Seijo and Lina I. Vaello Atanacio. In the bankruptcy schedules you did not include your interest in the hereditary estate of Mr. Roberto Nieto Villabrille.

Pursuant to section 541 of the Bankruptcy Code, when you filed your bankruptcy petition, an estate was created consisting of "all legal or equitable interests of you in property as of the commencement of the case." *See* 11 U.S.C. § 541(a)(1). Such interests are to be administered by the Chapter 7 Trustee. In connection thereof, we are contacting you regarding the monthly payment that you have received from Jose A. Negron Seijo and Lina I. Vaello Atanacio as part of your inheritance, since the Petition Date. Such payment is not subject to bankruptcy exemptions and given that your rights over such funds stem from a pre-petition mortgage as an inheritance proceed, such payments are considered to be part of the property of the Bankruptcy Estate pursuant to sections 541 and 542 of the Bankruptcy Code; which the Trustee is entitled to administer for the benefit of the estate; and has the power to request that the payments be directed to the Trustee, for the eventual liquidation and prospective distribution among Debtor's creditors.

This letter serves as the Trustee's formal request to pay and turnover the funds you received from the Petition Date as part of your inheritance within fourteen (14) days from receipt of this letter to the Trustee at 400 Calle J. Calaf, PMB 136, San Juan, PR 00918. If you disagree with this demand and understand the funds are not due, please forward your position in writing and with

P.O. Box 9022515, San Juan, P.R. 00902-2515
Tel. 787-565-9894

**VILARIÑO & ASSOCIATES**
LLC

documents in support thereto, to the undersigned and the Trustee's address within the specified period. Otherwise, the Trustee reserve all rights to commence a complaint to recover these funds

If you have any questions regarding this matter, please do not hesitate to contact us.

Cordially,

*/s/ Javier Vilariño, Esq.*

# VILARIÑO & ASSOCIATES
### LLC

August 2, 2022

**BY FIRST-CLASS MAIL**

Jaime R. Nieto Del Toro

36 Street Manuel Hernandez Rosa,
Añasco, P.R. 00610

RE:     *In re Jaime Nieto Del Toro; Bankruptcy Case No. 21-03574 (ESL)*

Dear Mr. Nieto:

Our firm represents Noreen Wiscovitch-Rentas, who is currently appointed by the Bankruptcy Court for the District of Puerto Rico as the Chapter 7 Trustee (the "Trustee") in the referenced case of Jaime R. Nieto Del Toro (the "Debtor") which was filed on December 1, 2021 (the "Petition Date"). The Trustee has the duty to protect and maximize the assets belonging to the Bankruptcy Estate she administers for the eventual distribution among Debtor's creditors.

The Trustee is aware that your late father, Mr. Roberto Nieto Villabrille, constituted a mortgage for Jose A. Negron Seijo and Lina I. Vaello Atanacio, in which they were obligated to pay the amount of $2,310.27 per month to the hereditary estate of which $200.00 is to cover the cost of property contributions and payment of the insurance policy, and in which an agreement is placed for them to divide the rest of the payment in three equal payments addressed to each heir, including you. Consequently, upon information and belief, you have a right to receive each month the amount of $703.42 from Jose A. Negron Seijo and Lina I. Vaello Atanacio. In the bankruptcy schedules you did not include your interest in the hereditary estate of Mr. Roberto Nieto Villabrille.

Pursuant to section 541 of the Bankruptcy Code, when you filed your bankruptcy petition, an estate was created consisting of "all legal or equitable interests of you in property as of the commencement of the case." *See* 11 U.S.C. § 541(a)(1). Such interests are to be administered by the Chapter 7 Trustee. In connection thereof, we are contacting you regarding the monthly payment that you have received from Jose A. Negron Seijo and Lina I. Vaello Atanacio as part of your inheritance, since the Petition Date. Such payment is not subject to bankruptcy exemptions and given that your rights over such funds stem from a pre-petition mortgage as an inheritance proceed, such payments are considered to be part of the property of the Bankruptcy Estate pursuant to sections 541 and 542 of the Bankruptcy Code; which the Trustee is entitled to administer for the benefit of the estate; and has the power to request that the payments be directed to the Trustee, for the eventual liquidation and prospective distribution among Debtor's creditors.

This letter serves as the Trustee's formal request to pay and turnover the funds you received from the Petition Date as part of your inheritance within fourteen (14) days from receipt of this letter to the Trustee at 400 Calle J. Calaf, PMB 136, San Juan, PR 00918. If you disagree with

P.O. Box 9022515, San Juan, P.R. 00902-2515
Tel. 787-565-9894

VILARIÑO & ASSOCIATES
LLC

documents in support thereto, to the undersigned and the Trustee's address within the specified period. Otherwise, the Trustee reserve all rights to commence a complaint to recover these funds

If you have any questions regarding this matter, please do not hesitate to contact us.

Cordially,

*/s/ Javier Vilariño, Esq.*

**VILARIÑO & ASSOCIATES**
LLC

August 2, 2022

**BY FIRST-CLASS MAIL**

Jaime R. Nieto Del Toro

1504 Street Antonsanti,
San Juan, P.R. 00912

RE:     *In re Jaime Nieto Del Toro; Bankruptcy Case No. 21-03574 (ESL)*

Dear Mr. Nieto:

Our firm represents Noreen Wiscovitch-Rentas, who is currently appointed by the Bankruptcy Court for the District of Puerto Rico as the Chapter 7 Trustee (the "Trustee") in the referenced case of Jaime R. Nieto Del Toro (the "Debtor") which was filed on December 1, 2021 (the "Petition Date"). The Trustee has the duty to protect and maximize the assets belonging to the Bankruptcy Estate she administers for the eventual distribution among Debtor's creditors.

The Trustee is aware that your late father, Mr. Roberto Nieto Villabrille, constituted a mortgage for Jose A. Negron Seijo and Lina I. Vaello Atanacio, in which they were obligated to pay the amount of $2,310.27 per month to the hereditary estate of which $200.00 is to cover the cost of property contributions and payment of the insurance policy, and in which an agreement is placed for them to divide the rest of the payment in three equal payments addressed to each heir, including you. Consequently, upon information and belief, you have a right to receive each month the amount of $703.42 from Jose A. Negron Seijo and Lina I. Vaello Atanacio. In the bankruptcy schedules you did not include your interest in the hereditary estate of Mr. Roberto Nieto Villabrille.

Pursuant to section 541 of the Bankruptcy Code, when you filed your bankruptcy petition, an estate was created consisting of "all legal or equitable interests of you in property as of the commencement of the case." *See* 11 U.S.C. § 541(a)(1). Such interests are to be administered by the Chapter 7 Trustee. In connection thereof, we are contacting you regarding the monthly payment that you have received from Jose A. Negron Seijo and Lina I. Vaello Atanacio as part of your inheritance, since the Petition Date. Such payment is not subject to bankruptcy exemptions and given that your rights over such funds stem from a pre-petition mortgage as an inheritance proceed, such payments are considered to be part of the property of the Bankruptcy Estate pursuant to sections 541 and 542 of the Bankruptcy Code; which the Trustee is entitled to administer for the benefit of the estate; and has the power to request that the payments be directed to the Trustee, for the eventual liquidation and prospective distribution among Debtor's creditors.

This letter serves as the Trustee's formal request to pay and turnover the funds you received from the Petition Date as part of your inheritance within fourteen (14) days from receipt of this letter to the Trustee at 400 Calle J. Calaf, PMB 136, San Juan, PR 00918. If you disagree with



this demand and understand the funds are not due, please forward your position in writing and with documents in support thereto, to the undersigned and the Trustee's address within the specified period. Otherwise, the Trustee reserve all rights to commence a complaint to recover these funds

If you have any questions regarding this matter, please do not hesitate to contact us.


Cordially,


*/s/ Javier Vilariño, Esq.*

**VILARIÑO & ASSOCIATES**
LLC

August 2, 2022

**BY FIRST-CLASS MAIL**

Jaime R. Nieto Del Toro

PO Box 853 Añasco, P.R. 00610

RE:     *In re Jaime Nieto Del Toro; Bankruptcy Case No. 21-03574 (ESL)*

Dear Mr. Nieto:

Our firm represents Noreen Wiscovitch-Rentas, who is currently appointed by the Bankruptcy Court for the District of Puerto Rico as the Chapter 7 Trustee (the "Trustee") in the referenced case of Jaime R. Nieto Del Toro (the "Debtor") which was filed on December 1, 2021 (the "Petition Date"). The Trustee has the duty to protect and maximize the assets belonging to the Bankruptcy Estate she administers for the eventual distribution among Debtor's creditors.

The Trustee is aware that your late father, Mr. Roberto Nieto Villabrille, constituted a mortgage for Jose A. Negron Seijo and Lina I. Vaello Atanacio, in which they were obligated to pay the amount of $2,310.27 per month to the hereditary estate of which $200.00 is to cover the cost of property contributions and payment of the insurance policy, and in which an agreement is placed for them to divide the rest of the payment in three equal payments addressed to each heir, including you. Consequently, upon information and belief, you have a right to receive each month the amount of $703.42 from Jose A. Negron Seijo and Lina I. Vaello Atanacio. In the bankruptcy schedules you did not include your interest in the hereditary estate of Mr. Roberto Nieto Villabrille.

Pursuant to section 541 of the Bankruptcy Code, when you filed your bankruptcy petition, an estate was created consisting of "all legal or equitable interests of you in property as of the commencement of the case." *See* 11 U.S.C. § 541(a)(1). Such interests are to be administered by the Chapter 7 Trustee. In connection thereof, we are contacting you regarding the monthly payment that you have received from Jose A. Negron Seijo and Lina I. Vaello Atanacio as part of your inheritance, since the Petition Date. Such payment is not subject to bankruptcy exemptions and given that your rights over such funds stem from a pre-petition mortgage as an inheritance proceed, such payments are considered to be part of the property of the Bankruptcy Estate pursuant to sections 541 and 542 of the Bankruptcy Code; which the Trustee is entitled to administer for the benefit of the estate; and has the power to request that the payments be directed to the Trustee, for the eventual liquidation and prospective distribution among Debtor's creditors.

This letter serves as the Trustee's formal request to pay and turnover the funds you received from the Petition Date as part of your inheritance within fourteen (14) days from receipt of this letter to the Trustee at 400 Calle J. Calaf, PMB 136, San Juan, PR 00918. If you disagree with this demand and understand the funds are not due, please forward your position in writing and with

P.O. Box 9022515, San Juan, P.R. 00902-2515
Tel. 787-565-9894

**VILARIÑO & ASSOCIATES**
LLC

documents in support thereto, to the undersigned and the Trustee's address within the specified period. Otherwise, the Trustee reserve all rights to commence a complaint to recover these funds

If you have any questions regarding this matter, please do not hesitate to contact us.

Cordially,

*/s/ Javier Vilariño, Esq.*



**UNITED STATES**
**POSTAL SERVICE ®**

Certificate Of

This Certificate of Mailing provides evidence that mail has been presented to USPS
This form may be used for domestic and international mail

From:
**Vilariño & Associates LLC**
PO Box 9022515
San Juan, PR 00902-2515

To:
Jaime R. Nieto del Toro
PO BOX 953
Añasco, P.R. 00610

U.S. POSTAGE PAID
FCM LETTER
SAN JUAN, PR
00936
AUG 02, 22
AMOUNT

**$1.75**
R2305K141009-10

1000

PS Form **3817**, April 2007  PSN 7530-02-000-9065



**UNITED STATES POSTAL SERVICE**®

This Certificate of Mailing provides evidence that mail has been presented to USPS
This form may be used for domestic and international mail.

From:

Vilariño & Associates LLC
PO Box 9022515
San Juan, PR 00902-2515

To: Jaime R. Nieto Del Toro
PO BOX 1881
Añasco, P.R. 00610

AUG 02 2022
Certificate

U.S. POSTAGE PAID
FCM LG ENV
SAN JUAN, PR
00936
AUG 02, 22
AMOUNT
**$1.75**
R2305K141009-10

1000

PS Form 3817, April 2007  PSN 7530-02-000-9065



**UNITED STATES POSTAL SERVICE**

This Certificate of Mailing provides evidence that mail has been presented to USPS.
This form may be used for domestic and international mail.

Certificate

From:

Vilariño & Associates LLC
PO Box 9022515
San Juan, PR 00902-2515

To: Jaime R. Nieto Del Toro
36 Calle Manuel Hernandez
Rosa, Añasco, P.R. 00610

U.S. POSTAGE PAID
FCM LETTER
SAN JUAN, PR
00936
AUG 02 22
AMOUNT
$1.75
R2305K141009-10

AUG 02

1000

PS Form 3817, April 2007 PSN 7530-02-000-9085



■ **UNITED STATES**
**POSTAL SERVICE** ®

This Certificate of Mailing provides evidence that mail has been presented to USPS.
This form may be used for domestic and international mail.

From:

Vilariño & Associates LLC
PO Box 9022515
San Juan, PR 00902-2515

To:

Jaime R. Nieto Del Toro
1504 calle Antonsanti
San Juan, P.R. 00912

PS Form **3817**, April 2007  PSN 7530-02-000-9065

U.S. POSTAGE PAID
FCM LETTER
SAN JUAN, PR
00936
AUG 02 22
AMOUNT
**$1.75**
R2305K141009-10

1000

# VILARIÑO & ASSOCIATES
## LLC

**EXHIBIT F**

August 2, 2022

**BY EMAIL AND FIRST-CLASS MAIL**

Jose A. Negron Seijo and Lina I. Vaello Atanacio

Represented by Atty. Nelson R. Bassatt Torres
bassattlawfirm@gmail.com

PO Box 379 Añasco P.R. 00610

RE:     *In re Jaime Nieto Del Toro; Bankruptcy Case No. 21-03574 (ESL)*

Dear Mr. Bassatt:

Our firm represents Noreen Wiscovitch-Rentas, who is currently appointed by the Bankruptcy Court for the District of Puerto Rico as the Chapter 7 Trustee (the "Trustee") in the referenced case of Jaime R. Nieto Del Toro (the "Debtor" or "Mr. Nieto"), which was filed on December 1, 2021. The Trustee has the duty to protect and maximize the assets belonging to the Bankruptcy Estate she administers for the eventual distribution among Debtor's creditors.

The Trustee is aware that Debtor's late father, Mr. Roberto Nieto Villabrille, constituted a mortgage for your clients, in which they are obligated to pay the amount of $2,310.27 per month to the hereditary estate, and in which an agreement is placed for your clients to divide said payment into three equal payments addressed to each heir, in which the Debtor is the creditor. Consequently, upon information and belief, Debtor has a right to receive each month the amount of $703.42 from your clients.

Pursuant to Section 541 of the Bankruptcy Code, when the Debtor filed its bankruptcy petition, an estate was created consisting of "all legal or equitable interests of the Debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541(a)(1). Such interests are to be administered by the Chapter 7 Trustee. In connection thereof, we are contacting you regarding the monthly payment that the Debtor receives from your clients as part of his inheritance. Such payment is not subject to bankruptcy exemptions and given that Debtor's rights over such funds stem from a pre-petition mortgage, such payments are considered as part of the property of the Bankruptcy Estate pursuant to Sections 541 and 542 of the Bankruptcy Code; which the Trustee is entitled to administer for the benefit of the estate; and has the power to request that the payments be directed to the Trustee, for the eventual liquidation and prospective distribution among Debtor's creditors.

The Trustee's turnover provisions can be found in Section 542 of the bankruptcy code, which provides the following:



"An entity…. in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease…shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." *See* 11 U.S.C. §542(a).

This letter serves as the Trustee's formal request to step into the shoes of the Debtor and requests that the payment be forwarded from now on to the Trustee's address at 400 Calle J. Calaf, PMB 136, San Juan, PR 00918. Hence, we request that you send any payments accrued since the date of the filing of the bankruptcy, December 1st, 2021, and forward any withheld and prospective monthly payment intended to the Debtor in the amount of $703.42 to the Chapter 7 Trustee. If you disagree with this demand and understand the funds are not due, please forward your position in writing and with documents in support thereto, to the undersigned and the Trustee's address within fourteen (14) days. Otherwise, the Trustee reserves all rights to seek court intervention on this matter.

You are hereby informed that if any payments are made to the Debtor after receipt of this letter the Trustee reserves all rights to seek court intervention in a retroactive manner.

If you have any questions regarding this matter, please do not hesitate to contact us.

Awaiting your immediate attention to this matter, I remain.

Cordially,

*/s/ Javier Vilariño, Esq.*



U.S. POSTAGE PAID
FCM LETTER
SAN JUAN, PR
00936
AUG 02, 22
AMOUNT
**$1.75**
R2305K141009-10

**UNITED STATES POSTAL SERVICE®**

MOWS-GPO SAN JUAN

AUG 0 2 2022

Certificate Of

This Certificate of Mailing provides evidence that mail has been presented to USPS®
This form may be used for domestic and international mail.

From:

Vilariño & Associates LLC
PO Box 9022515
San Juan, PR 00902-2515

To: Lcdo. Nelson R. Rassalt Toro
PO Box 279
Añasco, P.R. 00610

UNITED STATES POSTAL SERVICE®

1000

PS Form **3817**, April 2007  PSN 7530-02-000-9065

**EXHIBIT G**



U.S. POSTAGE PAID
FCM LETTER
SAN JUAN, PR
00936
AUG 02 '22
AMOUNT
**$0.60**
R2305K141009-10

00912

1000



Jaime R. Nieto Peñuru
1504 calle Ammansoni
San Juan, P.R. 00912

NIXIE 009 DE 1 0008/08/22

RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD

BC: 00902251515 *2183-00403-02-44

Vilariño & Associates LLC
PO Box 9022515
San Juan, PR 00902-2515



U.S. POSTAGE PAID
FCM LETTER
SAN JUAN, PR
00936
AUG 02, 22
AMOUNT
**$0.60**
R2305K141009-10

1000     00610



Jaime R. Nieto Del Toro
PO Box 1881
Arosco, P.R. 00610

NIXIE     009   SE 1     08/05/22

RETURN TO SENDER
ATTEMPTED TO NOT KNOWN
UNABLE TO FORWARD

BC: 00902251515     *2183-00402-02-44

ANK

Vilariño & Associates LLC
PO Box 9022515
San Juan, PR 00902-2515

Vilariño & Associates LLC
PO Box 9022515
San Juan, PR 00902-2515

.. 9400920323225370

CCEiC8090903225515

NMR

Jaime R. Nieto Del Toro
36 calle Manuel Hernandez
Rosa, Arecibo, P.R. 00610







U.S. POSTAGE PAID
FCM LETTER
SAN JUAN, PR
00936
AUG 02, 22
AMOUNT
$0.60
R2305K141009-10

1000

00610

BC: 0090225151S

NIXIE        009   DE 1        0003/13/22

RETURN TO SENDER
NO MAIL RECEPTACLE
UNABLE TO FORWARD

*2183-00406-02-44