**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>JAIME R. NIETO DEL TORO,<br><br>Debtor.<br><br>**JAIME R. NIETO DEL TORO, REPRESENTED BY NOREEN WISCOVITCH, CHAPTER 7 TRUSTEE,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JAIME R. NIETO DEL TORO; JOSE A. NEGRON SEIJO; LINA I. VAELLO ATANACIO,**<br><br>**Defendants.** | Bankruptcy No.: 21-03574 (ESL)<br><br>Chapter 7<br><br><br>Adv. Proc. No. 22-00059-ESL<br><br><br><br>RE: Declaratory Judgment, Turnover of Property, and Non Dischargeability of Debts pursuant to 11 U.S.C. §§ 105, 541, 542, 727(a)(4)(A), 727(c)(1); FRBP 7001(1), 7001(6), 7001(9). |

**MOTION FOR ENTRY OF ORDER APPROVING**
**SETTLEMENT AGREEMENT UNDER RULE 9019**

**TO THE HONORABLE COURT:**

**COMES NOW**, through the undersigned counsel, the duly appointed and acting Chapter 7 Trustee of the Bankruptcy Estate of Jaime R. Nieto Del Toro (the "Debtor"), Noreen Wiscovitch-Rentas (the "Trustee" or "Plaintiff"), who respectfully states and submits the following motion with a settlement agreement and a request for entry of order set forth herein:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the settlement agreement and request for order herein pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the scope of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and of the settlement agreement and request for order is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

1

## BACKGROUND

3. On December 1, 2021 (the "Petition Date"), the Debtor filed a voluntary petition under the provisions of Chapter 7 of the Bankruptcy Code. [Bankruptcy Case No. 21-03574; Dkt. No. 1]

4. On August 22, 2022, the Trustee initiated the instant adversary proceeding by filing a complaint against the Debtor (the "Debtor/Defendant") and against Jose A. Negron Seijo and Lina I. Vaello Atanacio (the "Co-Defendants") for declaratory judgment, turnover of property, and non dischargeability of debts pursuant to 11 U.S.C. §§ 105, 541, 542, 727(a)(4)(A), 727(c)(1); FRBP 7001(1), 7001(6), 7001(9) (the "Complaint"). [Dkt. No. 1]

5. After several settlement discussions the Trustee and the Co-Defendants[1] entered into a settlement agreement to reach an amicable resolution and settle the dispute between them in relation to the captioned adversary proceeding, and to avoid future outlays and expenditures of the estate resources in any protracted litigation regarding this matter (the "Agreement"). See **Exhibit A**

6. Pursuant to Fed. R. Bankr. P. 9019 and 11 U.S.C. §105, the Trustee files this motion for entry of order approving the Agreement among the parties appearing therein.

7. The Trustee believes that this Agreement is in the best interest of the Estate.

### Request for Order Approving Agreement

8. Bankruptcy Rule 9019(a) provides that:

> "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct."

9. The determination of whether to approve a compromise is a matter committed to the sound discretion of the bankruptcy judge. *See* River City v. Herpel, (In re Jackson Brewing Co.),

---

[1] Although the Co-Defendants have not appeared in the case, they are aware of the Complaint and have been in settlement discussions with the Trustee.

2

624 F.2d 599, 602-603 (5th Cir. 1980). In exercising this discretion, the court should approve the proposed settlement if it is in the best interests of the estate. *Id*.

10. The United States Court of Appeals for the First Circuit has emphasized that stipulations of settlement are favored by the courts, and they will rarely be set aside absent fraud, collusion, mistake or other such factor." In re Indian Motorcycle Co., 289 B.R. 269, 282 (B.A.P. 1st Cir. 2003); See also In re Healthco Int'l, Inc., 136 F.3d 45, 50 n.5 (1st Cir. 1998).

11. Entering into a settlement agreement under Rule 9019 must be accorded some deference by the Courts. *See* In re Healthco Int'l, Inc., 136 F.3d 45, 54 at fn. 5 (1st Cir. 1998) (*quoting* In re Moorhead Corp., 208 B.R. 87, 89 (B.A.P. 1st Cir. 1997) ("the bankruptcy judge…is not to substitute her judgment for that of the trustee, and the trustee's judgment is to be accorded some deference."). Furthermore, "compromises are favored in bankruptcy." *See* 10 Lawrence P. King, Collier on Bankruptcy ¶ 9019.01, at 9019–2 (16th ed. 2015).

12. The Trustee has examined and determined that entering into this Agreement would be for the benefit of the Estate.

13. Therefore, the Trustee respectfully requests from this Honorable Court to enter an order authorizing and approving the attached Agreement with any other relief the Court deems appropriate.

**WHEREFORE**, the Trustee respectfully requests from this Honorable Court to enter an order authorizing and approving the attached Agreement with any other relief the Court deems appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, dated December 1, 2022.

3

## NOTICE

Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f), 9019 and 2002(a)(3) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY:** that on this same date, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF participants. I further certify that the foregoing document has been served to the Debtor at PO Box 853, Añasco P.R. 00610 and by email at jaimernieto@hotmail.com, to the Co-Defendant's legal representation counsel Nelson Bassatt at PO Box 899 Añasco, P.R. 00610 and by email at bassattlawfirm@gmail.com, and will deposit exact copies thereof in the US regular mail to the U.S. Trustee, and the 20 largest unsecured creditors.

*/s/ Javier Vilariño*
JAVIER VILARIÑO
USDC No. 223503
E-mail: jvilarino@vilarinolaw.com

/s/ Carol J. Tirado López
CAROL J. TIRADO LOPEZ
USDC No. 307405
E-mail: ctirado@vilarinolaw.com

**VILARIÑO & ASSOCIATES LLC**
PO BOX 9022515
San Juan, PR 00902-2515
Tel. (787) 565-9894
www.vilarinolaw.com

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of this ___ day of October 2022, by and between Noreen Wiscovitch-Rentas, as Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate of Jaime R. Nieto Del Toro (the "Debtor"), and Jose A. Negron Seijo and Lina I. Vaello Atanacio (the "Defendants"). The Trustee and the Defendants are also referred to below individually as a "Party" or collectively as the "Parties."

### WHEREAS:

A. On or about December 1, 2021, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, Case No. 21-03574-ESL (the "Bankruptcy Case"), in the United States Bankruptcy Court for the District of Puerto Rico (the "Bankruptcy Court"), and the Trustee was subsequently appointed as the Chapter 7 Trustee in the Bankruptcy Case.

B. On or about August 22, 2022, the Trustee filed an adversary proceeding against the Debtor and the Defendants in the Bankruptcy Court, Adv. Pro. No. 22-00059-ESL (the "Adversary Proceeding"), asserting claims against the Debtor and the Defendants in the Complaint [Dkt. No. 1] to recover funds belonging to the Bankruptcy Estate in the amount of $2,813.68 from the Debtor and in the amount of $3,517.10 from the Defendants, including any subsequent monthly payments the Defendants owe to the Debtor in the amount of $703.42 per month.

C. The Trustee and the Defendants, having informally exchanged documents and information and evaluated the strengths and weaknesses of their respective claims and defenses, and without any admissions as to their respective positions, are willing to compromise and settle the Trustee's claims against the Defendants in their entirety, in order to avoid the expenses and risks of litigation.

E. The Trustee believes that entering into this settlement agreement is in the best interest of the Bankruptcy Estate.

**NOW THEREFORE**, in consideration of the premises and mutual promises set forth below and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree to the following terms and conditions:

1. **Settlement Payment.** The Defendants agree to consign in the Bankruptcy Court, the amount of Four Thousand Nine Hundred Twenty-Three Dollars and Ninety-Four Cents ($4,923.94) (the "Settlement Payment"), consisting of the monthly payments owed to the Debtor from April 2022 to October 2022, within ten (10) days of the Defendants counsel receipt of the Bankruptcy Court order approving this Agreement. Upon the entry of an order declaring that the proceeds are part of the Bankruptcy Estate, the Trustee shall file a motion to withdraw the money consigned and deposited in the Bankruptcy Court's registry.

2. **Subsequent Payments.** The Defendants further agree that from November 2022 onwards, they will consign and deposit with the Bankruptcy Court, by filing a motion, any subsequent monthly payment they owe to the Debtor in the amount of Seven Hundred and Three Dollars and Forty-Two Cents ($703.42) per month, until a final judgment is entered declaring that

1

the proceeds are part of the Bankruptcy Estate in which case the Defendants will commence to send the payments directly to the Trustee without further Court intervention , and/or until full satisfaction of the debt, made either by full payment of the debt or agreement between the Parties (the "Subsequent Payments"). Upon the entry of an order declaring that the proceeds are part of the Bankruptcy Estate, the Trustee shall file a motion to withdraw the Subsequent Payments consigned and deposited in the Bankruptcy Court's registry.

3. **Court Approval of Settlement.** This Agreement is conditioned upon and shall not become effective unless and until it is approved by the Bankruptcy Court. The Trustee shall request by motion the approval of the Agreement from the Bankruptcy Court. If the Trustee receives the Settlement Payment and/or any Subsequent Payment prior to such approval, the Trustee shall hold the Settlement Payment and/or any Subsequent Payment in trust pending the entry of a final order by the Bankruptcy Court approving the Agreement or, if there is an appeal, until entry of a final order with respect to any appeal (the "Effective Date"). In the event that the Court does not approve this Agreement or there is a final, non-appealable order of an appellate court reversing an order of the Bankruptcy Court approving this Agreement, (i) the Trustee shall promptly return the Settlement Payment and/or any Subsequent Payment to the Defendants, and (ii) this Agreement shall be null and void with the Parties returning to their original respective positions with no rights waived.

4. **No Admission of Liability.** Nothing in this Agreement shall be construed as an admission of liability by any Party to the Agreement.



5. **Merger and Integration.** This document sets forth the entire agreement of the Parties and all prior and contemporaneous conversations, agreements, understandings, covenants, representations, and negotiations with respect to the subject matter hereof are merged herein and superseded hereby. No other agreements, covenants, representations, or warranties, express or implied, oral, or written, have been made by any of the Parties with respect to the subject matter hereof.

6. **Counterparts.** This Agreement can be signed in facsimile or PDF counterparts.

7. **Jurisdiction.** The Bankruptcy Court shall retain jurisdiction to enforce and construe the terms and provisions of this Agreement.

8. **Governing Law.** This Agreement is made and entered into under the laws of the Commonwealth of Puerto Rico and Title 11 of the United States Code, and shall be interpreted, applied, and enforced under those laws. The Parties hereto agree that this Agreement shall be governed by the laws of the Commonwealth of Puerto Rico and Title 11 of the United States Code, and any litigation concerning this Agreement shall be held in the Bankruptcy Court.

9. **No Presumption.** There shall be no drafting inference in connection with this Agreement.

10. **Review by Counsel.** By signing this Agreement, the Parties represent that they have reviewed this Agreement with counsel or have been given an opportunity to review it with counsel and have chosen not to do so.

11. **Authority.** By signing this Agreement, the Parties represent that they have full authority to enter into this Agreement.

12. **Miscellaneous.** The Parties shall bear their respective costs, expenses, and attorneys' fees incurred in connection with this Agreement. This Agreement may be amended, modified, or otherwise changed only in a writing signed by both Parties and, if applicable, with Bankruptcy Court approval. This Agreement shall bind and inure to the benefit of the Parties hereto and their respective successors, predecessors, and assigns. The Parties agree to, on request of the other Party, to perform all acts reasonably necessary to effectuate this Agreement.

NOREEN WISCOVITCH,
CHAPTER 7 TRUSTEE

_/s/ Noreen Wiscovitch-Rentas_
— subject to Bankruptcy Court approval.

Dated: 10-26-2022

JOSE A. NEGRON SEIJO

_/s/ Jose A. Negron Seijo_

Dated: 11-22-22

LINA I. VAELLO ATANACIO

_/s/ Lina I. Vaello Atanacio_

Dated: 11-22-22

3