**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>JAIME R. NIETO DEL TORO,<br><br>Debtor. | Bankruptcy No.: 21-03574 (ESL)<br><br>Chapter 7 |
| **JAIME R. NIETO DEL TORO, REPRESENTED BY NOREEN WISCOVITCH, CHAPTER 7 TRUSTEE,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JAIME R. NIETO DEL TORO; JOSE A. NEGRON SEIJO; LINA I. VAELLO ATANACIO,**<br><br>**Defendants.** | Adv. Proc. No. 22-00059-ESL<br><br>RE: Declaratory Judgment, Turnover of Property, and Non Dischargeability of Debts pursuant to 11 U.S.C. §§ 105, 541, 542, 727(a)(4)(A), 727(c)(1); FRBP 7001(1), 7001(6), 7001(9). |

**MOTION FOR ENTRY OF DEFAULT**
**PURSUANT TO FED. R. BANKR. P. 7055**

**TO THE HONORABLE COURT:**

**COME NOW,** through the undersigned counsel, the duly appointed and acting Chapter 7 Trustee of the Bankruptcy Estate of Jaime R. Nieto Del Toro (the "Debtor"), Noreen Wiscovitch-Rentas (the "Trustee" or "Plaintiff"), who respectfully states, alleges, and prays as follows:

1. On December 1, 2021, the Debtor filed a voluntary petition under the provisions of Chapter 7 of the Bankruptcy Code. [Bankruptcy Case No. 21-03574; Dkt. No. 1]

2. On August 22, 2022, the Trustee initiated the instant adversary proceeding by filing a complaint against the Debtor (the "Debtor/Defendant") and against Jose A. Negron Seijo and Lina I. Vaello Atanacio (the "Co-Defendants") for declaratory judgment, turnover of property, and non dischargeability of debts pursuant to 11 U.S.C. §§ 105, 541, 542, 727(a)(4)(A), 727(c)(1); FRBP 7001(1), 7001(6), 7001(9) (the "Complaint"). [Dkt. No. 1]

3. On August 23, 2022, summons for the Complaint were issued. [Dkt. Nos. 2, 3, 4]

4. On August 24, 2022, the summons were served on the Debtor/Defendant at Po Box 853 Añasco, PR 00610 and on the Co-Defendants at PO Box 379 Añasco, PR 00610, pursuant to Federal Rule of Bankruptcy Procedure 7004(b)(1), and on that same date a certificate of service was filed which evinces that service was properly made. [Dkt. No. 11]

5. According to the summons, the Debtor/Defendant and the Co-Defendant had thirty (30) days after the date of issuance of the summons to answer the Complaint. The thirty (30) days were due on September 22, 2022.

6. After several settlement discussions, on December 1, 2022, the Trustee filed a motion for entry of order approving the settlement agreement entered between the Trustee and the Co-Defendants to settle the dispute between them in relation to the captioned adversary proceeding, under Bankruptcy Rule 9019(a). [Dkt. No. 21]

7. At this juncture, the Debtor/Defendant has not filed a responsive pleading to the Complaint nor has appeared in the case. Therefore, entry of default to the Debtor/Defendant is proper.

8. Fed. R. Bankr. P. 7055 makes Rule 55 of the Federal Rules of Civil Procedure applicable in adversary proceedings. Rule 55 provides a two-step procedure for obtaining a default judgment, the first being an interlocutory step of entry of a "default" on the docket, followed by the entry of judgment. 10-7055 Collier on Bankruptcy ¶ 7055.01.

9. In pertinent part Rule 55 provides that:

**(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk **must** enter the party's default. Fed. R. Civ. P. 55. (Our emphasis added).

10. "The entry of default is similar to a finding of liability but is not a final judgment." Alameda v. Secretary of Health, 622 F.2d 1044, 1048 n.3 (1st Cir. 1980). "A default occurs when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend against a claim within the time allowed by the Federal Rules of Civil Procedure". *Id*.

11. When the default is brought to the attention of the court, by affidavit or otherwise, the clerk must enter the default on the court's docket. The entry of default is merely the placement of a notation of the party's default on the clerk's record of the case." 55 Moore's Federal Practice – Civil § 55.10 – *Entry of Default is First Step in Obtaining Default Judgment.*

12. In the present case, the Trustee filed a Complaint against the Debtor/Defendant seeking affirmative relief. [Dkt. No. 1] The Debtor/Defendant was duly served with a copy of the Complaint and its summons, by first class mail pursuant to Fed. R. Bankr. P. 7004(b)(1), as shown in the certification of service under penalty of perjury executed by Mrs. Camille Tejada. See **Exbibit A**. No returned mail was received.

13. However, the Debtor/Defendant failed to answer the Complaint or file any other responsive pleading.

14. As such, entry of default against the Debtor/Defendant is the proper remedy for its failure to respond to the Complaint.

15. Therefore, Plaintiff respectfully requests from the Clerk of this Honorable Court to enter a default against the Debtor/Defendant with any other relief this Honorable Court deems just and proper.

**WHEREFORE,** Plaintiff respectfully requests from the Clerk of this Honorable Court to enter a default against the Debtor/Defendant with any other relief this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on December 2, 2022.

## **NOTICE**

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF participants. I further certify that the foregoing document has been served to the Debtor at PO Box 853, Añasco P.R. 00610 and by email at jaimernieto@hotmail.com, to the Co-Defendant's legal representation counsel Nelson Bassatt at PO Box 899 Añasco, P.R. 00610 and by email at bassattlawfirm@gmail.com, and will deposit exact copies thereof in the US regular mail to the U.S. Trustee, and the 20 largest unsecured creditors.

*/s/ Javier Vilariño*
**JAVIER VILARIÑO**
USDC No. 223503
E-mail: jvilarino@vilarinolaw.com

*/s/ Carol J. Tirado López*
**CAROL J. TIRADO LOPEZ**
USDC No. 307405
E-mail: ctirado@vilarinolaw.com

**VILARIÑO & ASSOCIATES LLC**
P.O. BOX 9022515
SAN JUAN, PR 00902-2515
Tel. (787) 565-9894